## BUSH & GERTS PIANO CO. OF TEXAS v. THOMAS. (No. 1102.)

(Court of Civil Appeals of Texas. Beaumont. April 11, 1924. Rehearing Denied April 30, 1924.)

1. **Evidence 441(11)—Evidence of verbal warranty in action on purchase price notes held inadmissible.**

Evidence as to verbal warranty made by a salesman at time of execution of notes given in payment of player piano *held* inadmissible in action on notes, as varying written instrument by parol contemporaneous agreement.

2. **Contracts 94(6)—Contracts are avoided when induced by material promise never intended to be kept.**

A written contract is avoided when induced by material promises never *intended* to be kept.

3. **Contracts 346(7)—Issue of fraud in inducing contract must be raised by proper pleading.**

Issue that written contract sued on has been induced by material promises never intended to be kept must be raised by proper pleading.

Appeal from Harris County Court, Roy F. Campbell, Judge.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by the Bush & Gerts Piano Company of Texas against A. H. Thomas. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Woods, King & John, of Houston, for appellant.

Atkinson & Atkinson, of Houston, for appellee.

WALKER, J. This suit was instituted by appellant against appellee to recover on certain promissory notes executed by him in favor of appellant as a part of the purchase price of a player piano, and to foreclose a chattel mortgage lien on the piano. These notes contained the following provision:

"It is further understood and agreed that the notes and mortgage given by me this day contain all the agreements and contracts between myself and Bush & Gerts Piano Company of Texas, and that no other contract, written or verbal, given by salesmen, is binding on Bush & Gerts Piano Company of Texas."

Appellee answered, admitting the execution of the notes and mortgage, but pleaded that at the time of the execution of the notes, appellant made certain representations as to the character of the piano, which allegations as alleged were in the nature of a verbal warranty of the soundness and value of the instrument. Appellee made no allegation that these representations were fraudulently made, nor that the one making them knew them to be false, nor that they were made without the intention of being bound thereby. Upon a trial to the county court without a jury, and conclusions of law and fact, judgment was entered in favor of appellee, canceling the notes sued upon and for certain other relief.

## Opinion.

[1-3] The trial court erred in receiving, over appellant's objection, evidence as to the verbal representations made by the salesman at the time of the execution of the notes. To receive such evidence as against the written contract and in defense of plaintiff's demand would be to vary the terms of a written instrument by a parol contemporaneous agreement. While the rule is well settled that "contracts, though reduced to written writing, are avoided when induced by material promises, never intended to be kept," yet that issue must be raised by a proper pleading. U. S. Gypsum Co. v. Shields (Tex. Civ. App.) 106 S. W. 724, affirmed by the Supreme Court in 101 Tex. 473, 108 S. W. 1165. In Thompson v. Sawyers, 234 S. W. 873, the Supreme Court, speaking through Mr. Justice Greenwood, said:

"Promises made without intention of fulfillment, in order to induce others to make contracts, are as culpable and as harmful as are willful misrepresentations of existing facts.

Hence contracts may be avoided alike for such fraudulent promises and for such misrepresentations.

"Contracts, though reduced to writing, are avoided when induced by material promises, never intended to be kept, not because one is allowed to vary his written contract, but because real assent is essential to a binding contract. Using Elliott's phrasing: 'If one is induced to go through the form of making a contract because of some fraud or misrepresentation made by the other party or his agent, realtive to a material element of the agreement, such that, if he had known the truth, he would not have given his assent, the contract may be avoided by him. There can be no real assent when it is induced by fraud.' 1 Elliott on Contracts, § 70."

The proposition thus announced by Mr. Justice Greenwood was not in this case, because not pleaded by appellee.

The judgment of the trial court is reversed, and this cause remanded for a new trial.