## EL PASO FROZEN PRODUCTS CO. et al. v. ALSUP.

### No. 2518.

Court of Civil Appeals of Texas. El Paso. April 2, 1931.

Rehearing Denied April 16, 1931.

Isaacks & Lattner, of El Paso, for appellants.

Vowell & Vowell, of El Paso, for appellee.

HIGGINS, J.

This is a suit by appellee against appellants upon a note for $500 given by the latter in part payment for the assets of the Maynes Fuel & Feed Company.

In bar of the action appellants in effect pleaded a counterclaim for damages based upon false representations made by appellee as to the quantity of certain used lumber which was a part of the assets so purchased by appellants. To this plea the plaintiffs filed no reply and offered no evidence to rebut the evidence adduced by defendants in support of their plea.

Upon trial without a jury the counterclaim was disallowed and appellee recovered the full amount of the note.

The defendants appeal, assigning as error that under the undisputed evidence the counterclaim should have been allowed. The testimony of one of the appellants establishes the defense as pleaded, and his testimony is corroborated by disinterested witnesses.

It is first suggested by appellee that appellants had ample opportunity to inspect the lumber. This presents no ground in avoidance of the false representations as to the amount of the lumber. It was a lot of used lumber so piled that it could not be measured as it lay. It was valued in the sale at $1,050, and appellants objected to closing the deal because they could not estimate its value. Whereupon the sellers represented to defendants that the pile contained enough lumber which, if sold at 2 cents a foot, or if sawed, sacked, and sold for kindling at 35 cents a sack or three sacks for $1, would net a profit of 50 per cent. upon the said sum of $1,050. The evidence brings the case within the rule announced in Hall v. Grayson County Nat. Bank, 36 Tex. Civ. App. 317, 81 S. W. 762, 766, as follows: "If the representations were of a character to induce appellant to rely upon them, and he believed them to be true, and acted upon them, this is sufficient, although he might have ascertained by the exercise of ordinary diligence that they were not true." Among other cases applying this doctrine are United, etc., v. Shields (Tex. Civ. App.) 106 S. W. 724; Hammel v. Benton (Tex. Civ. App.) 162 S. W. 34; and Taber v. Eyler (Tex. Civ. App.) 162 S. W. 490.

Nor is there any merit in the second counter proposition, to the effect that the representations were simply as to future profits. The representation was as to the amount of the lumber made in the form of a statement of what it would sell for at a fixed selling price. The representations were representations of fact as to the quantity of lumber in the pile, and not mere expressions of opinion as to quantity, value, or future profits.

The third counter proposition overlooks the testimony on pages 11 and 12 of the statement of facts to the effect that upon the basis of the selling price stated above the lumber would bring not more than $385.

None of the reasons urged by appellee in support of the judgment are tenable, and since the counterclaim was established by the undisputed evidence adduced in support thereof, it should have been allowed, and for the error in failing so to do the judgment is reversed, and the cause remanded for retrial.

Reversed and remanded.