### H. T. PITTMAN v. BLOCH QUEENSWARE COMPANY.

Decided January 2, 1908.

#### 1.—Contract of Sale—Breach—Damages—Loss of Profits.

Loss of profits is recoverable as special damages upon a breach of a contract for sale of goods ordered solely for a certain holiday trade and not otherwise valuable to the purchaser, the seller being aware of that fact. But items of expense as for instance, extra clerk hire, which the buyer would have incurred whether the contract was kept or not, are not recoverable.

#### 2.—Verified Account—Denial Under Oath.

When a suit is based upon a verified account, a denial under oath by the defendant of the correctness of the account destroys its effect as evidence.

Appeal from the County Court of McLennan County. Tried below before Hon. J. W. Baker.

*James E. Yeager,* for appellant.

*Sluder & Neal,* for appellees.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant in a justice of the peace court, but the case was appealed to and finally tried in the County Court, where appellee obtained a judgment against appellant for $93.65.

The suit was originally brought upon a verified account. The defendant filed a verified answer. denying the justness and correctness of the account. It is stated in appellee's brief, though not otherwise made to appear, that in the County Court appellee pleaded orally that the goods were sold to the defendant upon a written order. However, that is not material. According to the statement of facts agreed to by the parties and approved by the judge, the only testimony that was introduced was the plaintiff's sworn account, the defendant's denial under oath and the original contract or written order for the goods and a price list accompanying said order.

We sustain the second assignment of error, which complains of the action of the trial court in sustaining an exception to the defendant's cross-action or counter-claim, wherein the defendant sought to recover as damages the loss of profits which would have been made upon the goods ordered from the plaintiff. According to the averments of the plea referred to the goods were ordered for the Christmas holiday trade solely, and were not otherwise valuable to the defendant, and the plaintiff was aware of such facts. In such cases loss of profits is recoverable as special damages. (Jones v. George, 61 Texas, 354; Western U. Tel. Co. v. Edsall, 63 Texas, 677; Western U. Tel. Co. v. Sheffield, 71 Texas, 574; Watkins v. Junker, 4 Texas Civ. App., 629; Chisholm v. U. S. Canopy Co., 77 S. W., 1062.) The latter is a Tennessee case quite similar to the one in hand, and in an elaborate opinion it was held by the Supreme Court of that State that the measure of damages included the loss of profits which would have been made if the goods had been delivered according to contract. However, the defendant was not entitled to recover anything for extra clerk hire. Such additional expense would have been incurred if the plaintiff had complied with the contract pleaded by the defendant, and therefore failure to comply with the contract did not cause such additional expense.

We also sustain the fifth assignment which complains of the trial judge's finding of fact to the effect that the plaintiff delivered the goods to the railroad company. There is no evidence in the statement of facts that warranted the court in making such finding. The defendant having denied under oath the correctness of the plaintiff's sworn account, such account was not evidence of any fact, and there was no proof that the plaintiff had delivered the goods to the defendant or to any railroad or other carrier.

On the other questions presented we rule against appellant. For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*