BLAIR & HUGHES CO. v. WATKINS & KELLEY. (No. 746.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 9, 1915.)

1. EVIDENCE ⊖⇒434 — PAROL EVIDENCE — FRAUD INDUCING CONTRACT.

Although an order for goods shipped and refused, stipulates that all its conditions appear upon its face, parol evidence of fraudulent representations inducing the order that the goods could and would be delivered by a certain date, when not varying the terms of the instrument, is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. ⊖⇒434.]

2. EVIDENCE ⊖⇒419—PAROL EVIDENCE—CONSIDERATION.

Parol evidence is admissible to show the real consideration of a written contract, al-

though it contradicts the consideration named therein.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. ☜419.]

3. APPEAL AND ERROR ☜1001—MATTERS REVIEWABLE—VERDICT NOT SUPPORTED BY EVIDENCE.

Where the verdict of the jury is not supported by the evidence, the case will be reversed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. ☜1001.]

Appeal from Collingsworth County Court; R. H. Cocke, Judge.

Action by the Blair & Hughes Company against Watkins & Kelley. On motion for rehearing. Reversed and remanded.

R. H. Templeton, of Wellington, and Charles C. Huff, of Dallas, for appellant. J. L. Lackey, of Wellington, for appellees.

HALL, J. A review of the record has convinced us that we erred in affirming the judgment. Appellant company sued Watkins & Kelley, a copartnership, upon an account, for $625. In its amended petition appellant alleged that on the 6th day of November, 1912, plaintiff entered into a written contract with the defendants, Watkins & Kelley, as follows:

"Blair & Hughes Company:

"Ship to Watkins & Kelley, Dodsonville, Texas, five hundred patterns bagging and ties, $1.25 per pattern, f. o. b. Wichita Falls, Texas. Bill of Lading attached. There are no conditions attached to this sale other than those shown on this order and same is not subject to countermand under any circumstances. Sellers not liable for fulfillment of this order unless signed by purchaser.

"[Signed]      Watkins & Kelley, Purchaser.
"Cheatham, Salesman for Sellers."

[1] Appellant further alleges that it shipped the bagging and ties to Watkins & Kelley consigned to Dodsonville, Tex., and sent the bill of lading with draft attached, as provided in said written order, and that defendants had refused to accept the shipment and pay for same when it arrived at Dodsonville.

Defendants alleged, in substance that on the 6th day of November, 1912, being in immediate need of bagging and ties for use at their gin at Madge, Okl., they met appellant's salesman, Cheatham, in Wellington, Tex., and inquired of him how long it would take said bagging and ties to reach Dodsonville; that Cheatham advised them that his house had the bagging and ties in stock, and could deliver same to defendants at Dodsonville by the following Monday, and that, if defendants would give him the order, he would phone his house and ascertain whether or not the goods were in stock at that time; that Cheatham did communicate by phone with plaintiffs, and afterwards advised defendants that the bagging and ties were in stock and could be shipped immediately; and

that the order was made upon said representations, but that the bagging and ties were not delivered on the following Monday, and were not shipped until November 15th. It is alleged that Cheatham's statements that the bagging and ties were in stock and would be shipped Monday were fraudulently made, and that defendants were induced thereby to give him the order.

Appellant contends that the court erred in admitting in evidence the testimony of appellee Watkins to prove the conversation and agreement with Cheatham before the written order for the goods was signed. The evidence shows that the order was not signed in Wellington, but was given on the train after Watkins and Cheatham left Wellington for Dodsonville. The admissibility of parol evidence to show fraud in matters of inducement as a defense to an action upon the contract is well settled in this state. The Court of Appeals and the Supreme Court, in United States Gypsum Co. v. Shields, 106 S. W. 724, and 101 Tex. 473, 108 S. W. 1165, discussed this question, and held that, although the contract of sale provides that the written order constitutes the entire contract, and that there are no verbal statements or agreements varying its terms, nevertheless evidence of fraudulent representations not tending to vary the terms of the writing by which the purchaser was induced to sign it is admissible. Commonwealth Bonding & Casualty Co. v. Bomar, 169 S. W. 1060; Coons v. Lain, 168 S. W. 981; New York Life Insurance Co. v. Thomas, 47 Tex. Civ. App. 149, 104 S. W. 1074; Trinity Valley Trust Co. v. Stockwell, 81 S. W. 793; Turner v. Grobe, 44 S. W. 898.

[2] Parol evidence is also admissible to show the real consideration for a written contract, when the consideration itself is not contractual, although the effect of such evidence is to contradict the consideration recited in the writing. Watson v. Rice, 166 S. W. 106.

The jury found, in reply to the first and second questions submitted by the court, that Watkins signed the order with the understanding that the bagging and ties should be delivered not later than Monday following the 6th day of November, 1912, and that such delivery should be made to Watkins & Kelley by that date. There is no testimony whatever in the record upon which to base such a finding.

[3] The remaining fact, upon which appellees defended, is the alleged fraudulent representation by Cheatham that appellants had the patterns on hand at that time in Wichita Falls. This issue was also submitted to the jury and they failed to agree. A great many immaterial issues were submitted to the jury; but there being no evidence to sustain the finding that appellants undertook to deliver the goods on or before Monday following the execution of the order, and the jury having failed to agree upon the is-

sue as to whether or not Cheatham fraudulently represented the goods to be in stock, there is nothing in the verdict upon which to base a judgment.

It is therefore reversed, and the cause remanded.