LANDFRIED et ux. v. MILAM et al.
(No. 2133.)

(Court of Civil Appeals of Texas. Texarkana.
June 26, 1919. Rehearing Denied July 31,
1919.)

1. VENDOR AND PURCHASER ☞34—CONTRACT RESCINDED FOR FALSE REPRESENTATIONS OF SELLER'S AGENT.

For the material misrepresentation of seller's agent, relied on by purchaser, that the lots were of a certain size, twice their real size, he is entitled to rescind contract. describing lots by block and number.

2. EVIDENCE ☞434(11) — PAROL EVIDENCE ADMISSIBLE TO SHOW FALSE REPRESENTATIONS INVALIDATING WRITTEN CONTRACT.

Stipulation of contract of sale of lots by number, that no agent can bind the vendors by any act or statement not set forth in the contract, does not prevent purchaser from showing false representations by selling agent as to size of lots.

3. VENDOR AND PURCHASER ☞34 — FALSE REPRESENTATIONS THAT LOTS WERE IN CITY LIMITS ADMISSIBLE IN SUIT TO RESCIND.

For rescission of contract of sale of lots because of vendor's false representation that they were within the city limits, it should be shown that they were less valuable than they would be if within such limits.

4. VENDOR AND PURCHASER ☞44—EVIDENCE OF FALSE REPRESENTATIONS THAT LOTS WORTH $25 WERE WORTH $350 ADMISSIBLE.

Evidence that the market value of the lots was only $25 each was admissible in action for rescission of contract of purchase for alleged false representations of vendor, among others, that the lots were worth $350 each.

Appeal from McLennan County Court; James P. Alexander, Judge.

Action by Henry Landfried and wife against J. R. Milam and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded for new trial.

The suit was by appellants against appellees, J. R. Milam, M. A. Cooper, and H. W. Carver, the owners of certain land known as "Travis Park," an addition to the city of Waco, to rescind a contract whereby the former purchased of the latter lots 1, 2, and 3 in block 10 in said addition, and to recover back $375.50 paid on the lots and cancel promissory notes for sums to be paid thereon aggregating $609.50, or, in the alternative, for actual damages in the sum of $985, the purchase price of the lots, less $75, alleged to be their value, and exemplary damages in the sum of $50.

Appellants alleged that a few days before they purchased said lots 1, 2, and 3 they were induced to purchase lot 4 in block 7 in said addition, by representations, charged to be false, made to them by agents for the sale of the lots, as follows: (1) That the size of said lot 4 was 50 by 165 feet. (2) That it was worth $350. (3) That the lots in the addition were inside the Waco city limits. (4) That one August Spitzer owned a large number of the lots, and had "bought lots and sold them at a profit and gotten rich from them." (5) That one Jacob Gauer had bought lots in the addition and sold them at a profit. (6) That street cars "would run in said addition within five months." (7) That appellees intended to put down sidewalks and pave streets in the addition. (8) That one Charles Weisinger had bought lots in the addition. Appellants further alleged that said representations were also intended to influence them to buy other lots in said addition, and that they were induced by same, and by a false representation that appellees had resold said lot 4 for appellants at a profit of $100, and could and would resell for purchasers at a profit of $100 each, lots they might purchase in said addition, to purchase said lots 1, 2, and 3.

Appellees' answer consisted of a general denial, a plea of estoppel based on a provision in the contract covering the sale of said lots 1, 2, and 3, as follows:

"The signer of this agreement expressly agrees and understands that no agent has power or authority to bind M. A. Cooper, H. W. Carver, or J. R. Milam, or the Travis Park Sales Company, by any act or statement not set forth in this document"

—and allegations constituting a cross-action for a recovery against appellants of the amount of the notes they gave for part of the purchase price of the lots.

On special issues submitted to them the jury found: (1) That one Gode, an agent for the sale of the lots, represented to appellants that Jacob Gauer had bought lots in the addition and sold them at a profit, and that the representation was true. (2) That said salesman, Gode, did not represent to appellants that appellees intended to "put down sidewalks and pave streets" in said addition. (3) That said Gode did represent to appellants that Charles Weisinger had bought two lots in the addition. That as a matter of fact said Weisinger agreed to, but did not, buy the lots. (4) That Gode did not represent to 'appellants, before they purchased said lots 1, 2, and 3, that he had sold lot 4 for them at a profit. On said findings the court rendered judgment that appellants take nothing by their suit, and on findings he made himself rendered judgment in appellees' favor against appellants for the sum of $698.45 as the amount due on the notes mentioned.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

S. H. Clayton, E. W. Hander, and E. B. Baker, all of Waco, for appellants.

Davis & Cocke, of Waco, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] The contention presented by the third assignment, to wit, that the trial court erred when he refused appellants' request that he submit to the jury an issue as to whether the salesman, Gode, represented to them that the lots in the addition each had a frontage of 50 feet and a depth of 165 feet, will be sustained. It conclusively appeared that the lots 1, 2, and 3 in question here, and all but a few of the other lots in the addition, had a frontage of only 25 feet and a depth of only 120 feet, and that the few that had a frontage of more than 25 feet had a depth of less than 120 feet. Appellant Henry Landfried as a witness testified that Gode told him the lots were 50 by 165 feet in size. Said Landfried further testified that he believed what Gode told him, and was thereby induced to buy the lots he did buy. That, on the record sent to this court, the representation was about a material fact, cannot be doubted. If Gode made it, and appellants, having a right to do so, relied on it as true, we think they were entitled to relief they sought (1 Black on Rescission and Cancellation, § 68 et seq.), notwithstanding the stipulation in the agreement between them and appellees that no agent had power to bind the latter "by any act or statement not set forth in this document." Machine Co. v. Webb, 181 S. W. 853; Gypsum Co. v. Shields, 106 S. W. 724; Id., 101 Tex. 473, 108 S. W. 1165; Manufacturing Co. v. Celum, 189 S. W. 988; Insurance Co. v. Bomar, 169 S. W. 1062; Harris v. Mann, 207 S. W. 156; Avery Co. v. Mercantile Co., 183 S. W. 43; Import Co. v. Duncan, 182 S. W. 888. Whether Gode made the representation or not, and, if he did, whether appellants had a right to rely on it and did rely on it as true or not, we think, on the testimony in the record, were questions for the jury, and not for the court to determine.

[3] The contention presented by the seventh assignment, that the trial court erred when he refused appellants' request that he submit to the jury an issue as to whether Gode represented to them that the Travis Park addition was within the Waco city limits, also would be sustained, if there was any testimony in the record tending to show that the lots in the addition were less valuable than they would have been, had they been inside the city limits. The law seems to be that, to have entitled appellants to the relief they sought, it must have appeared that they had suffered "loss, damages, or injury" as a consequence of their reliance on the truth of the representation. 1 Black on Rescission and Cancellation, § 68, and section 112 and authorities there cited.

[4] The contention presented by the eleventh assignment, that the trial court erred when he refused to permit appellants to prove by the witnesses Maxey and others that the market value of the lots in the addition was only $25 each, will be sustained. The testimony excluded was, we think, clearly admissible on issues made by the pleadings.

We do not think contentions presented by assignments we have not mentioned, and which have not been disposed of by what has been said, should be sustained.

The judgment will be reversed, and the cause will be remanded for a new trial.