## THRASHER v. WALSH. (No. 6524.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 23, 1921. Rehearing Denied. March 23, 1921.)

1. **Fraud ⊚⇒59(3)—Measure of damages from misrepresentation as to repair of house exchanged, difference between amount paid and true value.**

The measure of damages resulting to plaintiff, who exchanged other property for defendant's house, defendant not repairing the roof before plaintiff took the house, as he had agreed, so that rains leaked through and damaged wall paper, is the difference between the amount paid for the property and its true value as received; the value of repairs and improvements made on the house by plaintiff not being the measure of her damages.

2. **Fraud ⊚⇒41—Allegations should be clear.**

Allegations as to fraudulent representations by defendant, inducing plaintiff to make a contract for the exchange of properties, and that but for such false representations the trade would not have been consummated, should be clear.

Error from Travis County Court; D. J. Pickle, Judge.

Suit by Mary C. Walsh against T. E. Thrasher. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

---

E. R. Pedigo, of Austin, for plaintiff in error.

Warren W. Moore and Geo. Mendell, Jr., both of. Austin, for defendant in error.

FLY, C. J. Defendant in error sued plaintiff in error to recover damages alleged to have accrued through a defective roof on a house for which defendant in error had exchanged other property, being induced to make such exchange through false representation that the roof had been repaired and made proof against rain. The cause was submitted to a jury upon eight special issues, and on the responses thereto judgment was rendered in favor of defendant in error for $376.08.

[1] The first assignment of error assails the action of the court in overruling a general demurrer to the petition, and it is sustained. It was alleged in the petition that defendant in error exchanged certain property for certain other property owned by plaintiff in error; that before signing the contract of sale and deed to her property defendant in error had learned that the roof of the house owned by plaintiff in error was in bad condition and in need of repairs, and upon advising plaintiff in error of this fact, and .informing him that she would not make the trade unless the roof was repaired so that it would not leak, and before she signed ,the contract of exchange, plaintiff in error assured her that ."he had had the roof completely repaired so that it would not leak or permit rain to come through at all." It was further alleged that defendant in error fully relied on the statement made to her by defendant, "believing the same to be true, and she signed the contract to trade" and executed the deed to her property. As damages, she alleged that when the storms, at different times, came and rains descended from different points of the compass, the house was flooded and wall paper ruined, and that she was compelled to pay to workmen the sum of $376.08 to repair the roof and replace the wall paper. She alleged that she would not sign the contract of exchange until plaintiff had assured her of the good condition of the roof, and that plaintiff in error "knowingly misrepresented the true facts to her before she signed the said contract and her deed conveying her property to him." The facts alleged did not indicate what the respective values of the properties were. The property sold to defendant in error may have been worth $500 more than that she conveyed in exchange therefor, and she could not make the value of repairs and improvements made on the house the measure of the damages to which she would be entitled. The facts alleged did not, under the authorities, form any basis upon which to measure the damages.

In cases like the present, which are known as "barter contracts," the measure of damages would be the difference in the amount paid for the property and the true value of the property. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Montgomery v. McCaskill, 189 S. W. 797; Linnartz v. Lawrie, 192 S. W. 789; Foster v. Atlir (Com. App.) 215 S. W. 955; Medley v. Lamb, 223 S. W. 1048. The general demurrer should have been sustained.

[2] It becomes unnecessary to consider the other assignments of error, but it is appropriate to state, in view of another trial, that the allegations as to the fraudulent representations inducing defendant in error to make the contract, and that but for such false representations the trade would not have been consummated, should be clearly alleged.

The judgment is reversed and the cause remanded.