### J. B. COLT CO. v. WHEELER et ux.
#### (No. 1735.)

Court of Civil Appeals of Texas. Beaumont.
Dec. 21, 1928.

Rehearing Denied Jan. 9, 1929.

Nat M. Crawford, of Grand Saline, and Wynne & Wynne, of Wills Point, for appellant.

McNees & Roberts, of Dallas, Jones & Jones, of Mineola, Sanders, West & Stanford, of Canton, and W. C. Roszel, of New York City, for appellees.

WALKER, J. In February, 1916, appellees, husband and wife, purchased from appellant one Colt carbide generator, together with the necessary fixtures, upon the agreed price of $338.75, evidenced by two promissory notes, one for $169.37 and the other for $169.-38, due and payable on November 1, 1926, and November 1, 1927, respectively, payable to the order of appellant at Dallas, with interest at 6 per cent. per annum from maturity, and stipulating for attorney's fees at 15 per cent. of the amount due. These supplies were sold appellees under a written contract executed by them, stipulating, among other things, as follows:

"It is expressly agreed by the Purchaser that no solicitor, other agent or representative of the Company has made any statements, representations or agreements, verbal or written, (1) providing for any extension of time for the payment of the note or notes, or of the contract price above mentioned or any part thereof, or for any modification whatsoever in any terms of said note or notes not expressly set forth herein or (2) as to the amount of carbide that will be required for use in or operation of the Generator purchased hereunder, or (3) providing for a trial use or trial period for said Generator, or any other condition than the absolute sale of said Generator and other material.

"And it is hereby further expressly agreed by the Purchaser that this instrument contains all the terms, conditions and agreements between the Purchaser and the Company and that no solicitor, other agent or representative of the Company has made any statements, representations or agreements, verbal or written modifying or adding to the terms, conditions and agreements herein set forth, or any of them, whether the same are specifically mentioned in this order or not."

The contract further detailed the regulations for installing the generator, but specifically provided:

"The Company does not install the Generator or appliances."

The supplies were duly shipped by appellant, accepted by appellees, and duly installed according to the specifications of the contract. As tried in the lower court, this was a suit by appellees against appellant for damages for fraudulent representations made to them by appellant's agent in selling them the carbide plant. They alleged that appellant's agent examined their premises, and fully understood their needs; that the agent represented to them that the plant being sold to them was what they needed; that it would furnish heat for the cooking, for lighting the house, and for the ironing; that the agent further represented that two fillings of the generator a year would be sufficient. It was further pleaded that all these representations were falsely and fraudulently made to induce them to buy the plant; that, in fact, it did not furnish sufficient heat for cooking, ironing, or lighting purposes. They further alleged that they relied upon the false representations of the agent, believing them to be true, and would not have bought the plant but for such representations. Appellees further alleged that appellant held their notes and was threatening to bring suit thereon or sell them; that appellant did not have property in Texas sufficient to respond to a judgment for damages, etc. Their prayer was as follows:

"Wherefore premises considered, these plaintiffs pray that the defendant be cited to answer this petition, and that a writ of injunction issue against this defendant, enjoining it from suing on said notes or from transferring them or either of them during the pendency of this suit, and that upon a hearing hereof plaintiffs have their judgment, cancelling said notes, or so much of them as may be just and equitable, being the difference in the price agreed to be paid by the plaintiffs for the machinery and the actual value of the machinery as installed, which plaintiffs allege to be $38.75, and all costs of suit, for all of which in duty bound, will ever pray."

Appellant answered by general and special demurrers, general denial, and by specially pleading the conditions of the contract above quoted. Further, appellant pleaded that appellees had accepted and used the plant, and

were estopped to rescind or claim damages because of the alleged false or fraudulent representations of the agent in making the sale. By way of cross-action, appellant set up its contract and notes as described by appellees in their petition, and prayed for judgment and execution thereon.

The trial was to a jury upon the following special issues, answered as indicated:

(1) "Did H. E. Allen falsely represent to the plaintiff the generator and equipment at the time of taking the order, and did the said H. E. Allen know such statements were false at the time of making such representations? Answer Yes or No."

To this issue the jury answered, "Yes."

(2) "If you answer Special Issue No. 1 in the affirmative, did the plaintiffs rely solely on such representations as the inducement for the execution of the written contract? Answer yes or no."

To this issue the jury answered, "Yes."

(3) "Did the plaintiffs know that such representations were false at the time of the execution of the two notes sued on? Answer Yes or No."

To this issue the jury answered, "No."

(4) "What was the market value of the generator and equipment received by the plaintiffs at Grand Saline, in Van Zandt Co., Texas, at the time they were received from the defendant, J. B. Colt Company?"

To this issue the jury answered, "$112.90."

On the verdict, judgment was entered in favor of appellees, relieving them of liability on the notes, but, in favor of appellant against appellees for the sum of $112.90, together with interest from the 3d day of March, 1926, at the rate of 6 per cent. per annum. Each party was adjudged to pay his own costs. Appellant has duly prosecuted its appeal from that judgment.

 The trial court did not err in overruling appellant's general demurrer and special exceptions to appellees' petition. While there were certain allegations as to rescision, as tried in the lower court this was a suit for damages for fraud in inducing the contract. Where one has been fraudulently induced to make a contract and has suffered damages thereby, he has the right to stand upon the contract and recover his damages. Mack Mfg. Co. v. Oeding (Tex. Civ. App.) 244 S. W. 156; Paschen v. Lovett (Tex. Com. App.) 255 S. W. 385; Thompson Co. v. Sawyers, 111 Tex. 374, 234 S. W. 873. Oral evidence of such fraudulent representations is admissible, and its reception is not in violation of the rule that parol evidence is inadmissible to vary a written contract. As said by Judge Greenwood, speaking for the Supreme Court, in Thompson v. Sawyers, supra: "Contracts, though reduced to writing, are avoided when induced by material promises, never intended to be kept, not because one is allowed to vary his written contract, but because real assent is essential to a binding contract."

██ From the foregoing authorities it follows that a cause of action may be predicated upon the representations of an agent, though the contract, when reduced to writing and executed by the parties, places limitations upon the agent's authority. But, where suit is brought for damages on the ground that plaintiffs were induced by fraud and deceit to enter into the contract, it is necessary to allege that the representations made by the defendant's agent as to the subject-matter of the contract, to quote from Avery Co. of Texas v. Harrison Co. (Tex. Com. App.) 267 S. W. 254, "were of material facts, which were untrue at the time made, and were known to be untrue by the party or parties making them; that they were made with the intent and design of deceiving the plaintiffs, and to induce them to enter into the contract; that plaintiffs in fact relied upon such representations and were induced thereby to sign the contract, and but for which they would not have done so; and that they were thereby damaged. 12 R. C. L. 240, 26 C. J. 1062; Railway Co. v. Titterington, 84 Tex. 223, 19 S. W. 472, 31 Am. St. Rep. 39, Baines v. Mensing Bros., 75 Tex. 200, 12 S. W. 984, Burchill v. Hermsmeyer (Tex. Civ. App.) 212 S. W. 767, Wortman v. Young (Tex. Civ. App.) 221 S. W. 662."

Appellees' petition in this connection, when construed against the general demurrer, embodied every essential element of the foregoing proposition. The special demurrers attack the petition only on the ground that the facts pleaded constituted a variance of the written contract. It follows that appellees pleaded a good cause of action, and that the court did not err in overruling the demurrers.

██ Appellant was not entitled to an instructed verdict on the evidence. Under the evidence, the plant was properly installed, but was almost wholly worthless. It was not able to furnish heat for cooking nor for ironing, but was worthless for both these purposes. There was testimony to the effect that it would operate only one light at a time. There was an abundance of credible testimony that the agent, in selling the plant, represented that it would furnish heat for cooking and ironing and lighting. Appellant's own expert testified that the plant was properly installed, and he found no defect in its operation. If the agent made the representations testified to by appellees, then they were false. This agent appeared to know his business and the plants he was selling, their capacity, and the needs of his customers. On the facts stated, if he made the representations, the issue was raised against him that, at the time he made them, he knew them to be false, and made them fraudulently for the purpose of inducing appellees to enter into

the contract. Appellees testified that they relied upon the agent's representations, believed them to be true, had no other information before them, and were induced thereby to sign the contract and notes, and but for the representations would not have done so. This summary of the evidence was sufficient to carry appellees' case to the jury. Also it must be said that the evidence as thus summarized supported the jury's answers to questions 1, 2, and 3. The issue of market value submitted by question 4 was also closely contested, and there was much evidence on that issue before the jury. Without reviewing what was said, we have concluded that the answer to question No. 4 has support. All assignments attacking the verdict of the jury as being without support are overruled.

Appellant has brought forward assignments attacking the admission of parol evidence as to the representations made by its agent in inducing the contract. Under the authorities cited supra, this evidence was admissible, and these assignments must be overruled.

Appellant excepted to the form of question No. 1 on the ground that it did not restrict the jury to the consideration of the fraudulent statements pleaded by appellees as grounds for relief, but, on the contrary, authorized and permitted it to consider any and all statements made to appellees by the agent in making the sale. This exception should have been sustained by the trial court, and the issue should have been so framed as to restrict the jury to the allegations of the petition. But appellant has shown no injury under this assignment. No statement is made showing that anything went to the jury not admissible under the pleadings. We have read the entire statement of facts, and it is our conclusion on the record as a whole that in answering question No. 1 the jury could not have considered any representations except those pleaded as a basis for relief. The evidence was confined strictly to the allegations of the petition.

No charge on the burden of proof was given. Appellant excepted to this omission, and tendered the following charge:

"You are instructed as to the law of this case as follows:

"That the burden of proof is upon the plaintiff to establish the fact that H. E. Allen made false representations to the plaintiffs to the effect that the stove could be used to cook for the entire family upon, and that the iron could be used to do the ironing for the family. The burden of proof upon the plaintiff is whether said statements were false if they were made to the plaintiffs by H. E. Allen. The burden of proof is also upon the plaintiffs to establish that they relied solely upon the representations, if any, made as inducement to sign the contract, and the burden of proof to establish that the said iron and stove were not such as they were represented to them by the said Allen."

The refusal of this charge was not error. It was on the weight of the evidence, suggestive, and not pertinent to the issues actually submitted. The rule seems to be that, if a party insists upon an instruction on the burden of proof, he must prepare and request a proper charge thereon, and, when that is not done, the failure to so charge does not constitute reversible error. McKee v. Garner (Tex. Civ. App.) 168 S. W. 1031; Gulf Pipe Line Co. v. Hurst (Tex. Civ. App.) 230 S. W. 1024; Sunlite Co., etc., v. Justice (Tex. Civ. App.) 257 S. W. 579.

The court did not err as against appellant in adjudging that each party pay his own costs. Appellees brought this suit for damages, and were awarded a substantial recovery. They prayed for the difference between the price agreed upon for the machinery and its actual market value, and, under the verdict of the jury answering question No. 4, they were granted that relief. It is true that appellant, by cross-action, set up its notes and contract, and prayed for judgment thereon, but it could have been granted that same relief under appellees' petition, and the relief awarded appellant by the judgment was in accordance with appellees' prayer, and not upon appellant's cross-action. Therefore appellant was not entitled to its costs under article 2216. It is true that the trial court in awarding the costs did not do so in accordance with the provisions of article 2066, providing:

"The court may, for good cause, to be stated on the record, adjudge the costs otherwise than is provided in" the preceding articles of "this chapter."

The facts of this case would have afforded the trial court good cause for making an equitable apportionment of the costs. As certified to us, the clerk's transcript shows cost items to the amount of $536.50. To this must be added $215 as the cost of the official stenographer, who reported this case and made up the statement of facts. The costs are so out of proportion to the subject-matter of the suit that an equitable partition thereof was justified. Without an apportionment of the costs under article 2066, appellees were possibly entitled to a full recovery, but they are not complaining of the judgment as entered.

The judgment of the trial court is in all things affirmed. The costs of the lower court are partitioned as ordered by that court, but all the costs of this appeal are taxed against appellant.