## MARION MACHINE FOUNDRY & SUPPLY CO. v. R. T. HARRIS INTERESTS et al.
### No. 3373.

Court of Civil Appeals of Texas. Amarillo.
March 19, 1930.

A. C. Scurlock, of Dallas, for plaintiff in error.

Lyle Saxon, of Dallas, and Bullington, Boone, Humphrey & King, of Wichita Falls, for defendants in error.

JACKSON, J.

This suit was instituted in the district court of Wichita county by the plaintiff, Marion Machine Foundry & Supply Company, against the defendants R. T. Harris Interests, with R. T. Harris, as trustee, and B. H. Taylor, Hardy Emerson, Albert Ellis, and R. T. Harris, individually, who are alleged to be partners in the ownership of the property of the R. T. Harris Interests.

No review is sought of the action of the trial court in the disposition made of the other parties to the suit, hence, no discussion relative to such parties or their rights is necessary.

The plaintiff sued to recover the sum of $1,814.31, the purchase price of a certain engine, pump, and other oil well supplies, sold to the defendants. The sum of $1,150 was a balance due, evidenced by a written contract for the sale and purchase of the engine and pump, and $664.31 was a balance due for supplies sold on open account.

The defendants answered by a general demurrer, general denial, and also pleaded that the R. T. Harris Interests was a Massachusetts trust.

That, at the time the obligations sued on were made, R. T. Harris, trustee for the R. T. Harris Interests, contracted with the plaintiff, through its agent and representative, for such machinery and supplies, and that, prior to, and at the time of the execution of the contract, the plaintiff, through its agent, agreed and contracted with the defendants that the individual defendants would not be held personally responsible on such obligations, but that plaintiff would look solely and alone to the property and assets of the R. T. Harris Interests. That the plaintiff, through its agent, falsely and fraudulently represented to defendants, for the express purpose of securing the signature of R. T. Harris, trustee, to the obligations sued on, that if the contract was entered into on behalf of the trust estate, that the plaintiff would not in any manner look to or seek to hold any individual stockholder or shareholder personally liable for such obligations, or any part thereof, but would look solely to the property of the trust estate; that the defendants believed and re-

lied on such representations, and but for such representations and promises the contract would not have been signed; that the trust agreement was on record in Wichita county, Tex., and exempted the shareholders and stockholders from all personal liability for any obligations of said R. T. Harris Interests, made by the trustee, and that the plaintiff had actual and constructive notice of such provisions.

The case was submitted to the court without the intervention of a jury, and judgment rendered in favor of the plaintiff against the R. T. Harris Interests for the amount sued for, interest, and costs of suit, and that the individual defendants be discharged with their costs.

The Marion Machine Foundry & Supply Company, hereinafter called appellant, by writ of error, prosecutes its appeal.

■ The appellant presents as error the action of the trial court in permitting parol testimony, over its objection, to the effect that, prior to, and at the time of the execution of the contract for the purchase of the machinery and supplies, it was agreed that the individual defendants would not be held liable on the contract, but that the plaintiff would look solely to the property belonging to the R. T. Harris Interests, and that the agent of the plaintiff represented that, if the trust estate was bound, the individual defendants would in no event and in no manner be held liable, because such testimony was an attempt to vary, add to, and alter the terms of the written contract for the purchase and sale of the engine and pump.

The written contract was executed by the plaintiff and a trust estate, R. T. Harris Interests, by R. T. Harris, trustee, and provides that:

"It is expressly agreed that there are no promises, agreements or understandings not expressed in this proposal, and that no agent or salesman has any authority to obligate the Marion Machine Foundry & Supply Company of Marion, Indiana, by any terms, stipulations or conditions not herein expressed."

■ The parol evidence rule does not apply where the written contract is shown by pleading and evidence to have had its inception in fraud.

"It is contended, under these assignments, that it was error to admit such testimony, because (1) it was immaterial and irrelevant, in that the representations testified to were made prior to signing the contract; and therefore merged in the writing; (2) the testimony was an attempt to change or vary the terms of a written contract, which could not be done by parol evidence; and (3) the contract upon its face bears the following stipulation: 'It is agreed that this written order and printed terms hereon constitute the entire contract between the parties, and there are no verbal statements or agreements varying the same.'

"These assignments are followed in appellant's brief by propositions of law so elementary that no one can gainsay any of them. The gist of them is that parol evidence is inadmissible to vary the terms of a written contract. This rule, however, has no application to extrinsic evidence, when used to attack the validity of a contract, as, in this case, by showing fraud in its inception. If a party were denied the right to show facts which prevent a writing from constituting a contract, such a writing would be free from all defenses, and outside of all rules which determine the validity of contracts." United States Gypsum Co. v. Shields (Tex. Civ. App.) 106 S. W. 724. Affirmed by the Supreme Court, 101 Tex. 473, 108 S. W. 1165.

This holding is again approved by Judge Greenwood in Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S. W. 873.

■ The appellant also challenges as error the action of the trial court in refusing to render judgment against the individual defendants, for the reason that the testimony shows that they were shareholders and partners in the ownership of the property of the R. T. Harris Interests, and were, therefore, personally liable for its obligations.

"So far as we are advised, the authorities all uphold and enforce an agreement between a creditor and a partnership entered into at the time the debt is created exempting the members of the partnership from personal liability, and that the creditor shall look only to the assets of the partnership for the payment of the debt." Farmers' State Bank & Trust Co. et al. v. Gorman, Home Refinery Co. et al. (Tex. Civ. App.) 273 S. W. 694, 696.

This case was affirmed by the commission of appeals. 3 S.W.(2d) 65.

In our opinion, the above authorities are decisive against appellant, and the testimony, although sharply controverted, is sufficient to authorize the judgment of the court.

■ Appellant also contends that the appellees were not entitled to plead fraud because of the length of time that had elapsed from the institution of the suit to the urging of such fraud as a defense, but the appellant did not plead limitation, and hence his position is not tenable.

The judgment is affirmed.