## DOMINGUEZ v. GARCIA et al.
## No. 7547.

Court of Civil Appeals of Texas. Austin.
Jan. 28, 1931.

Rehearing Denied Feb. 11, 1931.

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for appellant.

McCLENDON, C. J.

This appeal concerns only the title to lots 3 and 4 in block 21, Miles addition to the city of San Angelo, and only appellant and appellee Carlos Garcia are interested in the controversy here. The action was one in trespass to try title. Dominguez has the legal title to the property unless defeated by limitation under the five or ten years' statutes (Rev. St. 1925, arts. 5509, 5510) asserted by Garcia, who claims such title as the only heir at law of his mother who died April 13, 1929. The case was tried to a jury upon special issues, and the jury found in favor of Garcia upon his limitation pleas both under the five and ten years' statutes. Appellant questions the sufficiency of the evidence to support the limitation title, and also assigns error upon the admission of certain testimony of Garcia. The evidence of possession of Garcia's mother and its adverse character is very meager, but since the case does not appear to have been fully developed, and since we are reversing it upon the assignments regarding the admission of testimony, we refrain from commenting upon the sufficiency of the evidence.

With reference to the possession of Garcia's mother, he was permitted to testify over objection that he was disqualified under Revised Statutes, art. 3716, with reference to transactions with deceased, as follows: "We lived out on that farm and we came in every Saturday, and every time we came in we came there (to the property involved), and stopped and when we gathered our crop we moved in and stayed there a couple of months and then would go back to the farm."

The "we" in this quotation has reference to Garcia's mother and himself and other members of the family. Garcia was the only witness who testified in his behalf, and, if this testimony is excluded, there is no evidence of adverse possession. We hold this testimony inadmissible under the rule laid down in Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 299, 239 S. W. 185. The validity of Garcia's title depended upon the possession of his mother and its adverse character. In the Holland Case the testimony held inadmissible was the opinion of the witness as to the sanity of the deceased, independent of any statements made by or transactions with the latter, "but merely from observation of decedent's acts, conduct, and mental and physical condition." In holding this testimony inadmissible under the statute in question, the court say: "The words 'transaction with,' as used in statutes similar to ours relating to the admissibility of transactions with decedents, have often received judicial interpretation, and have been held to include every method by which one person can derive impressions or information from the conduct, condition, or language of another." This language is peculiarly apt to the question at bar, and we think clearly precludes the admission of the testimony. See, also, International Travelers' Ass'n v. Bettis (Tex. Civ. App.) 3 S.W.(2d) 478, for a full discussion of this question.

Garcia was also permitted, over objection of appellant, to testify that his mother owned the property in question. This testimony was also clearly inadmissible. Gilbert v. Odum, 69 Tex. 670, 7 S. W. 510; Webb v. Reynolds (Tex. Com. App.) 207 S. W. 914. The very question at issue here was one of title, and "facts and circumstances must be shown that establish it. It cannot be established by the conclusion of a witness."

Appellant also questions the ruling of the trial court in excluding certain of his own testimony. These assignments are overruled.

For the errors pointed out, the trial court's jugdment is reversed and the cause remanded for a new trial.

Reversed and remanded.