## DOMINGUEZ v. GARCIA.
### No. 1583—5949.

Commission of Appeals of Texas, Section A.
Oct. 26, 1932.

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for plaintiff in error.

R. G. Hughes, of San Angelo, for defendant in error.

CRITZ, J.

This suit was filed in the district court of Tom Green county, Tex. Originally several parties were concerned, but this appeal only involves Reyes Dominguez, plaintiff in error, and Carlos Garcia, defendant in error. The property involved is lots 3 and 4, in block 21, Miles addition to the city of San Angelo, Tom Green county, Tex.

We shall hereafter refer to Dominguez as plaintiff, and to Garcia as defendant.

The suit was instituted by plaintiff, and was tried in the district court on plaintiff's amended petition and defendant's amended answer. Plaintiff's petition is ordinary form of trespass to try title, and in addition thereto he pleads title under the ten-year statute of limitation. Defendant's answer contains a general denial and plea of not guilty, and in addition thereto contains a cross-action in form of trespass to try title. The answer nowhere pleads any title in defendant by limitation.

As shown by the opinion of the Court of Civil Appeals, plaintiff proved the legal title to the property in him. This certainly entitles him to recover, unless defendant can prevail under some statute of limitation. In this state of the record, and notwithstanding the fact that the defendant had not pleaded a limitation title, the trial court submitted issues to the jury involving title by limitation in defendant under both the five and ten-year statutes of limitation, and these issues were answered in favor of the defendant. Based on such answers, the district court entered judgment for the defendant. On appeal by the plaintiff to the Court of Civil Appeals at Austin, Tex., this judgment was reversed, and the cause remanded to the district court for a new trial. 36 S.W.(2d) 299. Plaintiff brings error.

By proper assignment of error, plaintiff contends that the Court of Civil Appeals erred in not rendering judgment in his favor after it had reversed the judgment of the district court, in place of remanding the cause as it did. This contention is based on the fact that the defendant did not plead a title by limitation. It was undoubtedly fundamental error for the trial court to submit issues of a limitation title in favor of defendant when he had pleaded no such title. Of course, if it was error to submit limitation issues under such circumstances, it was also error to render judgment in defendant's favor on the jury's findings to such issues. Article 7373, R. C. S. 1925. This statute expressly provides that, in a trespass to try title action, "the defendant may give in evidence any lawful defense to the action except the defense of limitation, which shall be specially pleaded."

In spite of the above rule, we do not think the Court of Civil Appeals erred in refusing to render judgment in favor of the plaintiff under the facts of this record. It is true that appellate courts will not reverse judgments in order to allow parties to amend their pleadings to conform to the evidence; but no such question is presented here. The Court of Civil Appeals reversed this case in favor of the plaintiff on errors not involved in the question under discussion. Then, for the first time in his motion for rehearing in the Court of Civil Appeals, the plaintiff contended that judgment should be rendered for him because of the absence of any pleadings by the defendant asserting a title by limitation. An examination of the record discloses that plaintiff did not object to the submission of the limitation issues on the ground that there were no pleadings to support them. Under such a record, the Court of Civil Appeals did not err in refusing to render judgment for the plaintiff after it had reversed the judgment in his favor on appeal. Manifestly, such a procedure might result in a miscarriage of justice, and when the ends of justice are best subserved by remanding the cause, rather than rendering it, appellate courts should follow the former procedure. Waldo v. Galveston, H. & S. A. Ry. Co., 50 S.W.(2d) 274 (Com. App. opinion approved).

Plaintiff earnestly insists that judgment should have been rendered in his favor by the Court of Civil Appeals because he proved the legal title to the land in him, and because the evidence offered in the trial court is not legally sufficient to justify a fact finding in defendant's favor of title in him by either the five or ten-year statutes of limitation. We have carefully read the statement of facts, and while we are inclined to agree

with plaintiff's contention to the effect that the evidence shown by the record is not legally sufficient to sustain a fact finding in defendant's favor on the issues of limitation, still we do not think the case should be here rendered, for the reason that we agree with the holding of the Court of Civil Appeals to the effect that we are not able to say as a matter of law that the facts have been fully developed. We will not comment further on the evidence, as it may not be the same on another trial.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.