### SHARY et al. v. HELMICK et ux.

#### No. 9586.

Court of Civil Appeals of Texas. San Antonio.

Nov. 6, 1935.

On Motion for Rehearing Jan. 2, 1936.

Rehearing Denied Jan. 29, 1936.

Strickland, Ewers & Wilkins, of Mission, Andrews, Kelley, Kurth & Campbell, of Houston, and Leon H. Brown, of Mission, for appellants.

Hill & Greer, of Mission, for appellees.

MURRAY, Justice.

This suit was instituted by appellees, W. E. Helmick and wife, Belle Helmick, against Southwestern Land Company, Incorporated, and John H. Shary for rescission and cancellation of three written contracts, as follows: One with Southwestern Land Company, dated January 17, 1931, for the purchase of 19.24 acres of land in Hidalgo county, and two with John H. Shary, operating under the name of Sharyland Orchard & Nursery Company, dated January 18, 1931, and March 15, 1931, respectively, for setting said land to citrus

trees and for the annual care of such trees.

Appellees alleged a number of false statements and misrepresentations were made to them, which induced them to enter into the contracts, but ultimately only two were submitted to the jury: First, that H. L. Finley, a field agent for Southwestern Land Company, had stated to appellees' that there was a cement canal built to the land from which he could water the land; second, that Finley had represented that there would be no taxes, or other charges on the land, other than a flat rate of $2 per acre per year, and $2 per acre every time the land was watered. The jury found against appellees as to the first ground of fraud, but favorably to appellees as to the second ground. In other words, the jury found that Finley did not make the misrepresentation that the water canal had been built to the land, but did make a representation that the only taxes or charges levied against the land involved in this case, by the irrigation district, were a charge of $2 per acre per year, as flat rate, and a charge of $2 per acre for each time the land was irrigated. The question as to the taxes or charges was submitted to the jury in issue No. 4. By their answer to issue No. 5, the jury found that such representation was false, and by their answer to issue No. 6, they found that such representation materially induced and caused W. E. Helmick to sign the contracts.

Upon the verdict of the jury the trial judge entered judgment canceling the three contracts involved herein and giving appellees judgment for all sums paid by them under the contracts. Judgment was also entered canceling all vendor's lien notes executed by appellees in connection with this transaction.

This appeal is duly presented by John H. Shary and Southwestern Land Company.

█ Among other propositions presented, appellants contend that the jury's answer to issue No. 6, to the effect that the representation that there would be no taxes or other charges made by the water company, other than $2 per acre per year flat rate and $2 per acre each time the land was irrigated, materially induced appellees to enter into the various contracts involved herein, is not supported either by pleading or proof. We sustain this contention.

Appellees' petition is in two alternative counts. The first count seeks rescission and cancellation of the three contracts; the second count seeks damages for the fraud. At the close of the testimony appellees elected to stand upon their first count and entirely abandoned their second count, so, in passing upon the sufficiency of the petition to support issue No. 6, and the jury's answer thereto, it will only be necessary to consider the first count in the petition.

The entire trend of appellees' petition for rescission is to the effect that appellees were buying irrigated land, and that when they discovered, in January, 1932, that the canal had not been completed to the land and the water district officials would not give them any assurance that they could get water on the land any time soon, they concluded they had been defrauded and decided to seek rescission.

█ The petition alleges, in effect, that in December, 1931, they paid an annual bond tax before they discovered that they had been defrauded; that in January, 1932, they came to Texas, from Nebraska, for the purpose of making their home on the land, but when they found no canal on the land they realized they had been defrauded. There were other allegations of fraud which were abandoned during the trial and not submitted to the jury, so they need not be here stated. There are some general allegations in the petition, but they are limited by specific allegations, and, therefore, only the facts set forth in the specific allegations can be considered. When the petition is considered as a whole it negatives the idea that the misrepresentation as to the bond tax of the water district was a material inducement for the purchase, and affirmatively shows that other alleged misrepresentations induced the purchase of the land.

When we come to the evidence this situation is magnified. It is shown that on December 29, 1931, appellee W. E. Helmick signed a check for the sum of $25.01 payable to the order of Hidalgo County Water Control & Improvement Company, and, in his own handwriting, wrote on the bottom of the check, "Water bond tax for 1931." Certainly, after that date appellees were not in a position to state that they had not discovered the bond tax.

Notwithstanding this, Helmick testified that in January, 1932, he came to Texas from Nebraska, a trip of some 1,700 miles, for the purpose of taking over the care of the orchard, building a home on the·

land, and residing therein. When he arrived in Texas and discovered there was no water on the land, and that certain other promises had not been kept (which in no way relate to the bond tax), he decided to repudiate the deal and ask for rescission. Helmick makes it plain that it was what he discovered after he arrived here that caused him to conclude they had been defrauded. He in no place testified that it was the bond tax that caused him to seek cancellation, or that it in any way entered into the decision to repudiate. In fact, both he and Mrs. Helmick testified that even after they arrived here, if they could have been assured that they would have water for irrigation purposes at once, they would have been satisfied with their trade.

The jury found, in effect, that no misrepresentation was made with reference to the fact that there was already constructed, in January, 1931, facilities capable of irrigating the land purchased by the Helmicks. The judgment below could only be upheld on the theory that the representation as to the bond tax materially induced the Helmicks to purchase this land; a fact which is not alleged and not proven. Dowlin v. Boyd (Tex.Com.App.) 291 S. W. 1095; Thrasher v. Walsh (Tex.Civ. App.) 228 S.W. 961; Campbell v. Jones (Tex.Civ.App.) 230 S.W. 710; J. B. Colt Co. v. Wheeler (Tex.Civ.App.) 12 S.W. (2d) 1102; Avery Co. v. Harrison Co. (Tex. Com.App.) 267 S.W. 254; Carson v. Houssels (Tex.Civ.App.) 51 S.W. 290; Shaffer v. Brown (Tex.Civ.App.) 59 S.W. (2d) 854.

Appellants also contend that, in view of the fact that the written contract which the Helmicks signed contained the following provision, to wit, "18 Purchaser represents hereby to Southwestern Land Company, Seller herein, that no agent or representative of said Seller has made any promises or representation to purchaser as an inducement to purchase said lands or enter into this contract, upon which purchaser relies, which is not contained herein; and that purchaser does not rely upon any promise or representation not contained in this written contract. The parties hereto agree that all promises and representations upon which they rely concerning said lands and this contract are herein set forth," they should not be permitted to vary the terms of the contract by showing that they were relying upon representations

made by agents. We sustain this contention. The most favorable construction that can be placed upon the testimony by appellees is that there was a conflict in the testimony as to whether or not appellee Helmick was induced to commit the overt act of signing the contract as a result of fraud. Appellees never attempted to solicit from the jury a finding as to whether or not the execution of the contract by them was the result of fraud, and, in the absence of such finding, appellees have waived this matter. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

It follows that appellees were bound by the terms of the contract they signed, and the Southwestern Land Company had a right to rely upon the representation made to it, to the effect that appellees were not relying upon any promise or representation not contained in the written contract. Bostwick v. Mutual Life Ins. Co., 116 Wis. 392, 89 N.W. 538, 92 N.W. 246, 67 L.R.A. 705; Parker v. Schrimsher (Tex.Civ.App.) 172 S.W. 165; Murray Co. v. Putman, 61 Tex.Civ.App. 517, 130 S.W. 631; J. B. Colt Co. v. McBurnett (Tex.Civ.App.) 1 S.W. (2d) 385; 75 A.L.R. 1047; Lay v. Midland Farms Co. (Tex.Civ.App.) 8 S.W.(2d) 230.

The above holdings render it unnecessary to discuss other propositions presented by appellants.

Accordingly, the judgment below will be reversed and judgment here rendered that appellees take nothing and pay all costs.

Reversed and rendered.

On Motion for Rehearing.

Appellees, in their motion for a rehearing, contend that as appellants did not object and except to the submission of issue No. 6 to the jury, on the ground that it was not supported by the pleadings and the evidence, they should not now be heard to raise this matter after the jury have decided the issue against them.

We do not agree with this contention. It has been definitely held by the Supreme Court, speaking through the Commission of Appeals, that it is fundamental error of the trial court to submit an issue to the jury which has not been plead. Dominguez v. Garcia (Tex.Com.App.) 53 S.W.(2d) 459; Id. (Tex.Civ.App.) 36 S.W. (2d) 299.

While article 2190, R.S.1925, as amended by Acts 1931, 42d Leg. p. 120, ch. 78, § 1 (Vernon's Ann.Civ.St. art. 2190),

expressly provides, among other things, that, "A claim that the evidence was insufficient to warrant the submission of an issue may be complained of for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party," it is clear from this statute that a party may raise the question that the evidence is insufficient to warrant the submission of an issue to the jury, where no objection was made thereto, and even where the complaining party requested that such issue be submitted to the jury. The law was no doubt to the contrary before the enactment of the above-quoted part of article 2190.

There is a line of decisions holding that where a contract is not to become effective until accepted by the seller, a provision such as is contained in paragraph 18 is binding upon the buyer. Lay v. Midland Farms Co. (Tex.Civ.App.) 8 S.W.(2d) 230; Kasch v. Williams (Tex.Civ.App.) 251 S. W. 816; 75 A.L.R. 1047.

But where a contract is accepted by the agent and does not provide that it is not to become effective until accepted by the seller, such a provision as is contained in paragraph 18 is not binding upon the buyer, and he may allege and prove that he was induced to execute the contract by false promises of the agent not contained in the contract. United States Gypsum Co. v. Shields (Tex.Civ.App.) 106 S.W. 724; Id., 101 Tex. 473, 108 S.W. 1165; Blair & Hughes Co. v. Watkins & Kelley (Tex.Civ.App.) 179 S.W. 530; J. I. Case Threshing Mach. Co. v. Webb (Tex.Civ.App.) 181 S.W. 853; Bankers' Trust Co. v. Calhoun (Tex.Civ.App.) 209 S.W. 826; Landfried et ux. v. Milam et al. (Tex.Civ.App.) 214 S.W. 847; Detroit Automatic Scale Co. v. G. B. R. Smith Milling Co. (Tex.Civ.App.) 217 S.W. 198; American Law Book Co. v. Fulwiler (Tex.Civ.App.) 219 S.W. 881; Hackney Mfg. Co. v. Celum et al. (Tex.Civ.App.) 189 S.W. 988; Id. (Tex.Com.App.) 221 S.W. 577; Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S.W. 873; George v. Birchfield (Tex. Civ.App.) 264 S.W. 632; Commercial Jewelry Co. v. Braczyk (Tex.Civ.App.) 277 S.W. 754; J. B. Colt Co. v. Wheeler et ux. (Tex.Civ.App.) 12 S.W.(2d) 1102; Marion Machine Foundry & Supply Co. v. R. T. Harris Interests et al. (Tex.Civ.App.) 26 S.W.(2d) 449; Mikulik v. Southwestern Specialty Co. (Tex.Civ.App.) 58 S.W.(2d) 1052; Free Sewing Machine Co. v. S. T. Atkin Furniture Co. (Tex.Civ.App.) 71 S.W.(2d) 604; 95 A.L.R. 766; American Law Institute, Restatement of the Law of Agency, §§ 259 and 260.

In the case at bar, the contract was accepted by Olmsted without any reservation that it had to be accepted by the seller, and this case is ruled by the authorities last above cited.

After again reviewing this entire cause, we have concluded that the ends of justice will be best met by remanding and not here rendering this cause. Dominguez v. Garcia, supra.

Accordingly, the judgment heretofore entered herein will be set aside, in so far as it rendered this cause, and it will be amended so as to provide that this cause is remanded for a new trial.