**DAKOFF et al. v. NATIONAL BANK OF COMMERCE.**

No. 14541.

Court of Civil Appeals of Texas. Dallas.
Dec. 19, 1952.

Rehearing Denied Jan. 23, 1953.

G. E. Sears, of Dallas, for appellants.

Thompson, Knight, Wright & Simmons, Dan Rogers and M. J. Wise, all of Dallas, for appellee.

CRAMER, Justice.

Dessie Lea and Alex Dakoff filed this suit in the district court against the Bank as Administrator of the Estate of Joseph Prodan, deceased, to establish a claim against said estate in quantum meruit for services rendered and items furnished the deceased by Mrs. Dakoff during Prodan's lifetime, between September 20 and October 11, 1949 at the hospital, and October 12 to December 12 at her home, all at his special instance and request about a year before his death, amounting to the sum of $1,454.68. It was further alleged that the account had been duly presented to the administrator and payment refused in April 1951. Trial was to the court without a jury and at the end of Dakoff's evidence the administrator moved for judgment in its favor on the ground that the Dakoffs failed to make out a prima facie case against it.

The motion was sustained and the court entered a take nothing judgment against the Dakoffs. This appeal has been duly perfected from that judgment.

The Dakoffs brief nine points of error.

Point 1 asserts error in the sustaining of the administrator's motion for judgment because their evidence established some personal services to the deceased Joseph Prodan,—some rendered in his presence and some out of his presence; in bringing him to the hospital for his operation and in doing laundry work for him at her home while he was in the hospital and in carrying his dirty clothes to the hospital and in spending fifty cents round trip bus fare and seven cents carfare out to the hospital every day, each way, which established a basis for recovery on quantum meruit.

Point 7 asserts error in sustaining the administrator's motion for judgment because plaintiff established by competent evidence that she had performed personal services for the deceased in and out of her home.

The administrator counters these points that there was no error in granting its motion for judgment since there was no evidence before the court as to the reasonable value of the services alleged to have been rendered and there was no evidence that a properly verified claim had been presented to and rejected by the administrator. The record shows the evidence material to these points was in substance as follows: Disinterested witnesses testified that personal services were performed by Mrs. Dakoff for the deceased, at his request, and he had stated, in their presence, that he was going to pay her for such services. However there was no evidence of the amount to be paid for such services, nor was there evidence of the reasonable value of such services in dollars and cents.[1] Mrs. Dakoff testified to the payment by her of bus fare from Wilmer to Dallas and return and

streetcar fare in Dallas, amounting to 69¢ per day paid by her while taking and returning deceased's laundry which she had washed and ironed, etc., at her home in Wilmer.

Although the statement of facts in this case was certified by the Court Reporter and there is attached thereto an agreement by the parties that the statement of facts is a full, true, and correct transcript of the evidence, there is no evidence in such statement of facts that a claim was presented to the administrator by the Dakoffs. There is, however, a statement in the Dakoffs' reply brief to the effect that a properly verified claim was presented to the administrator on April 4, 1951, rejected by the administrator in letter of April 22nd, with suit filed April 26, thereafter.

On the above record we must hold that before the district court or this court can, upon the unliquidated demand based on personal services rendered the deceased, find a reasonable value thereon, there must be evidence in the statement of facts justifying such finding; Kuhlmann's Estate v. Poss, Tex.Civ.App., 220 S.W. 564; Pearson v. Laws, Tex.Civ.App., 174 S.W.2d 62; Parks v. Kelley, Tex.Civ.App., 126 S.W.2d 534; 58 Am.Jur. 560. And, further, that on that portion of the claim for money spent for bus and streetcar fare, the statement of facts itself must show that a proper claim was filed therefor with the administrator, that such claim was presented to the administrator for approval, and thereafter rejected by the administrator, Art. 3530 V.A.C.S.; Anderson v. First National Bank, etc., 120 Tex. 313, 38 S.W.2d 768; Thrasher v. Novy, Tex.Civ.App., 138 S.W.2d 124, before the Dakoffs could recover therefor in their action in the district court. The district court cannot take judicial notice of the probate court minutes. Such minutes, if material, must be introduced in evidence in the district court

[1] With reference to this lack of proof in the record on reasonable value of the claimed services, appellants' counsel requested of the court and was given time until the following day for hearing of evidence on the issue. "We have such a witness," he stated, "but he could not be here this afternoon." On the next morning, plaintiff voluntarily rested without offer of further testimony.

and contained in the statement of facts filed in this court before they can be considered by this court.

Because of the failure of the record to show the above material and indispensable facts necessary to appellants' (the Dakoffs) recovery, points 1 and 7 are overruled.

Points 2 to 6 inclusive complain of: (2) error in sustaining objection to their answer to the question as to what she did while Prodan was in the hospital; (3–6) after she had testified without objection she had performed services for the deceased after his operation, in thereafter sustaining objections as to what such services consisted of, at the hospital and at home, and the dates the services were performed, thereby preventing her from establishing a claim against the estate on quantum meruit.

These points are countered that there was no error in excluding the Dakoffs' evidence complained of because it was within Art. 3716 V.A.C.S., even though such statute was not plead.

The evidence offered and excluded from the jury was that Mrs. Dakoff washed deceased's clothes, waited on him at home, visited him and waited on him at the hospital; also that she had carried him to the hospital.

■ The test as to whether the statement of facts constituted a transaction with the deceased, is: If the witness offered should testify falsely, could the deceased, if living, controvert it of his own personal knowledge? If the deceased could so controvert such facts constituting the transaction, then the introduction of such evidence is barred by Art. 3716, V.A.C.S. McCall v. Owens, Tex.Civ.App., 68 S.W.2d 1089, error ref.; Huff v. Huff, Tex.Civ.App., 72 S.W.2d 675, 676, error dis., and cases there cited; Atkins v. Dodds, Tex.Civ.App., 121 S.W.2d 1010. See also Dominguez v. Garcia, Tex.Civ.App., 36 S.W.2d 299, affirmed Tex.Com.App., 53 S.W.2d 459.

■ Applying the test to the record here, portions of the excluded testimony were not admissible and other portions admissible. The points, however, must be overruled for the reason that the error, if any, in sustaining objections to the admissible evidence of such services, is harmless, since no evidence was introduced in the trial court as to the value of the unliquidated items. That portion which was liquidated could not be recovered on because no rejected claim therefor was introduced in evidence herein. Points 2 to 6 are overruled.

■ Point 8 asserts error in sustaining the motion for judgment at the conclusion of the Dakoffs' testimony when it had been agreed that there would be a recess of two weeks after her testimony was in, in order that the administrator might take the depositions of two of their witnesses. The Dakoffs assert that they could have cross-examined the witnesses whose depositions were to have been taken and thereby have made out their case.

The administrator's answer to point 8 was that there was no error in granting the administrator's motion for judgment because the condition upon which it went to trial was solely for its benefit.

The record nowhere shows, in pleadings, evidence, by bill of exception, or in their brief, what the evidence they would have elicited on cross-examination of said witnesses would have been; or that such evidence would have, if admitted, made out a prima facie case against the estate.

■ In order for the error, if any, to be grounds for reversal, the record must not only show material error on the part of the trial court, but must also show where they have been damaged thereby. No such showing is made here. Point 8 is overruled.

■ Point 9 complains of the court's refusal to admit certain evidence offered by them for the reason that it was barred by Art. 3716, V.A.C.S., known as the dead man's statute, for the reason that Art. 3716, V.A.C.S., was not pleaded by the administrator as a defense; citing Rules of Civil Procedure numbered 45, 53, 57, 72 and 83.

The administrator's answer filed in this cause denies under oath that the account

sued on is just or true; followed by a general denial under oath of all allegations in the Dakoffs' pleadings. This answer was sufficient to raise all issues. A special plea under oath that the evidence of the facts is within the prohibition of Art. 3716; V.A.C.S., is not necessary. Objection made at the time the evidence was offered, as was done here, was sufficient. Point 9 is overruled.

This court, no matter how much we might desire to do so, has no authority to reverse an errorless judgment in order to give the losing party another opportunity to make out a better case.

Finding no reversible error in the trial court's judgment, it is affirmed.

BOND, C. J., not sitting.

YOUNG, J., concurs in above opinion.