**SHAW et al. v. FIRST STATE BANK OF ABILENE. (No. 237–3423.)\***

(Commission of Appeals of Texas, Section A. June 1, 1921.)

**1. Vendor and purchaser ⚖➡274(1)—Delivery of vendor's lien note to representative, together with the release, held not negligence on the part of the holder.**

Where plaintiff holding a vendor's lien note against defendant sent a release to the representative of a loan company to take up the note in making a loan on the land to the amount of the difference between the purchase price of a part thereof sold to a third party and the indebtedness to plaintiff, and the representative procured checks both from the third party and from defendant, but misappropriated them, a judgment for defendant cannot be sustained on the ground that plaintiff's negligence in delivering the release was the proximate cause of the injury to defendant, where the representative did not use it to obtain defendant's check, which was given solely because the third party's attorney approved the transaction.

**2. Bills and notes ⚖➡452(1)—Failure of creditor to notify debtor that debt had not been paid not negligence.**

Failure of creditor bank to notify its debtor that a note had not been paid until after the death of one to whom the debtor had intrusted funds for its payment and who had misappropriated them, *held* not actionable negligence available as a defense in an action on the note.

**3. Principal and agent ⚖➡70—Same person may be appointed agent for collection and payment by different parties.**

Where a loan was made to take up a vendor's lien note, and the owner appointed a representative of the loan company to make payment, the holder of the note may appoint the

same person as its agent to receive payment; the interests not being adverse.

**4. Principal and agent ⚖➡92(2)—Payment of note is complete when funds have reached hands of agent authorized to receive it.**

The payment of a note or other obligation is complete when money intended for its payment or discharge has reached the hands of an agent authorized to receive it.

**5. Principal and agent ⚖➡124(3) — Whether representative of loan company was agent of holder of vendor's lien note authorized to receive payment of the note held for the jury.**

Where a landowner, who desired to take up vendor's lien note to free a portion of the property from the lien, appointed the agent of a loan company to make payment and the holder of the vendor's lien sent the note accompanied by a release to the agent, who misappropriated the funds, the question, in an action by the holder of the note, whether such agent was agent of the holder authorized to receive payment of the note, *held*, under the evidence, for the jury.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by the First State Bank of Abilene against C. M. Shaw and wife and A. H. Richardson. Judgment for defendants was by the Court of Civil Appeals affirmed as to defendant Richardson, and reversed and rendered as to defendants Shaw and wife (214 S. W. 442), and the latter defendants bring error. Judgments of the Court of Civil Appeals and the district court reversed and remanded as to plaintiffs in error Shaw for determination of an issue; otherwise affirmed.

Harrison & Cavin, of Eastland, and Wright & Harris, of San Angelo, for plaintiffs in error.

D. M. Oldham, Jr., of Abilene, Blanks, Collins & Jackson, of San Angelo, and W. D. Girand, of Abilene, for defendant in error.

SPENCER, J. Defendant in error, First State Bank of Abilene, Tex., instituted this suit to recover of C. M. Shaw and wife, Laura M. Shaw, plaintiffs in error, upon a vendor's lien note executed by them for the sum of $2,900, and to foreclose the lien upon the lands described in the note.

The facts, necessary to a determination of the question presented, are: That plaintiffs in error owned a 257-acre tract of land, against which two vendor's lien notes were outstanding, the one in suit and another for the sum of $4,100. A. H. Richardson had agreed to purchase, and subsequently did purchase, 63 acres out of this tract. It was desired to release the 63 acres from the lien. C. R. Miller, an attorney of Brownwood, represented Richardson in the transaction. To release the 63 acres, it was necessary to pay

both notes. The proceeds to be derived from the 63 acres being insufficient for this purpose, an additional amount was contracted for with a Fort Worth Loan Company. B. E. Hurlbut represented the loan company in making the loan.

Defendant in error, the holder of the note in suit, upon request of Hurlbut, sent it, accompanied by a release, to the Brownwood National Bank, with instructions to notify Hurlbut that it was there.

Miller inspected the note and release, and, having made certain objections to the latter, it was, at the request of Hurlbut, returned to defendant in error bank for correction. After having made certain corrections, the bank returned it direct to Hurlbut. Hurlbut presented the corrected release to Miller, falsely stating to him that he had paid the note, but that the loan company had demanded the original note before it would close the loan, and that he had sent it to that company.

Relying upon these representations, Miller procured a check for the amount of the purchase price of the 63 acres from his client, Richardson, payable to Shaw and wife, or bearer, and delivered it to Hurlbut. The latter presented this check and another one from the loan company, to Shaw and wife, who indorsed and returned them to Hurlbut. Hurlbut did not inform plaintiffs in error that he held the release, or that he had paid the note, but advised them that he would pay the note. The note was in fact never paid.

Richardson was made a party defendant, but, judgment rendered in his favor, which was affirmed by the court of Civil Appeals, not having been appealed from, further mention of the issue made between him and the bank is unnecessary.

In addition to the general denial, plaintiffs in error specially pleaded: (1) Payment of the note to B. E. Hurlbut, a duly authorized agent of the bank; (2) that the bank having furnished Hurlbut with a release reciting the payment of the note, it thereby clothed him with authority to collect the note, and, Hurlbut having induced them to pay him the amount of the note, the bank is estopped to deny payment; and (3) that the bank negligently failed to notify them until after Hurlbut's death of the nonpayment of the note, and but for which negligence they could and would have induced Hurlbut to replace the money.

The jury found that the bank was negligent in sending the release to Hurlbut; that it was negligent in failing to notify Shaw prior to May 16 of the nonpayment of the note; that if Shaw had been notified prior to Hurlbut's death of the nonpayment of the note, he could and would have induced Hurlbut to replace the amount owing upon the note at the time it should have been paid.

The court found, which findings were incorporated in the judgment, that Shaw, by his acts, made Hurlbut his and his wife's agent for the purpose of paying the note; (2) that Hurlbut made no false representations at the time the checks were delivered by him to the Shaws; (3) that Hurlbut cashed the checks and misappropriated the funds; and (4) that but for the conversion of the funds by Hurlbut, as the result of the bank's negligence, no injury would have resulted to defendants in error.

The trial court rendered judgment in favor of plaintiffs in error, denying recovery of the note and a foreclosure of the lien. The Court of Civil Appeals, however, reversed and rendered the judgment in favor of defendant in error. 214 S. W. 442.

The honorable Court of Civil Appeals held that the act of the bank in delivering the release to Hurlbut was not the direct and proximate cause of any injury to plaintiffs in error; (2) that the failure of the bank to notify Shaw, prior to Hurlbut's death, of the nonpayment of the note was not actionable negligence upon which defendants in error could predicate a defense; and (3) that the finding of the trial court that Hurlbut was the agent of plaintiffs in error to pay the note was inconsistent with the presumptive or implied finding that the checks were delivered to Hurlbut as the agent of the bank.

[1, 2] The holding of the honorable Court of Civil Appeals upon the first two propositions is, in our opinion, undoubtedly correct. Shaw does not claim to have been misled by anything that Hurlbut stated to him. He simply trusted him to cash the check and pay the note. Shaw did not know of the existence of the release until after the death of Hurlbut. He placed no reliance upon its execution or existence. The only effect of intrusting the release to Hurlbut was that it made it possible for him to get possession of the checks, and this possession, coupled with the duty to deliver them to plaintiffs in error, placed him in a position which invited his appointment, by plaintiffs in error, as agent to pay the note. Under the facts found, there is, we think, no estoppel in the case.

[3] With reference to the third conclusion —that the finding of the trial court that Hurlbut was the agent of plaintiffs in error to pay the note was inconsistent with the theory that Hurlbut was the agent of the bank to collect the note—we think that the honorable Court of Civil Appeals erred.

The interests of plaintiffs in error in paying the note and that of the bank in receiving payment thereof were not necessarily adverse. No reason is perceived why one, an agent to pay a note, may not also be the agent of the holder to collect it or to receive the payment thereof. The fact that the agency to collect or receive payment of a stipulated demand and the agency to pay the same merge in one person violates no rule or prin-

ciple of law, and the same person may act as agent for payee and payor in the transaction unless their interests are adverse.

[4, 5] It is a well-established rule that the payment of a note or other obligation is complete when money intended for its payment or discharge has reached the hands of an agent authorized to receive it. Golden v. O'Connell, 76 W. Va. 282, 85 S. E. 533, 2 A. L. R. 460. If, therefore, Hurlbut was in fact the authorized agent appointed by the bank to collect the note or receive payment thereof, payment to him of money intended to discharge it would operate as a payment of the same, notwithstanding he may have been the agent of plaintiffs in error to pay it. The question of his agency to collect the note or receive payment thereof is, of course, one of fact, to be determined by the court or jury.

We recommend that the judgments of the Court of Civil Appeals and the district court be reversed and remanded as to plaintiffs in error Shaw for a determination of this issue, and that otherwise it be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.

---

⬡═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied June 23, 1921.