## HOME TRADING CO. v. HICKS et al. (No. 7777.)

Court of Civil Appeals of Texas. San Antonio. May 11, 1927.

Rehearing Denied June 15, 1927.

**1. Appeal and error ⬥⟶927(5)—Where case was disposed of on demurrer, facts stated and intendments or conclusions therefrom will be considered true as pleaded.**

Where case was tried by court and disposed of on demurrer, every fact stated and intendment or conclusion therefrom will be considered true as pleaded.

**2. Vendor and purchaser ⬥⟶266(7)—Vendor's lien foreclosure suit on one purchase-money note held not release of others.**

Vendor's lien foreclosure suit on past-due note for part of purchase price does not impliedly or otherwise release other purchase-money notes and liens securing them; all being of equal dignity.

**3. Vendor and purchaser ⬥⟶288—Purchaser at vendor's lien foreclosure sale could strengthen title by purchasing other purchase-money notes than that sued on.**

Purchaser at vendor's lien foreclosure sale in suit on one purchase-money note had right to support and strengthen his title by purchasing other such notes.

**4. Vendor and purchaser ⬥⟶266(7)—Vendor, suing on one purchase-money note, held not to have waived payment of others, in absence of consideration passing to holder.**

Vendor, suing on only one of several purchase-money notes secured by lien sought to be foreclosed, *held* not to have waived payment of other notes subject to foreclosure, in absence of express or implied consideration passing to holder.

**5. Vendor and purchaser ⬥⟶289—Judgment creditor must allege and prove fraud or sale for much less than value to subject land to payment of debt after sale on vendor's lien foreclosure.**

To subject land sold under foreclosure of vendor's lien to payment of judgment debt, judgment creditor, whose right is based entirely upon the doctrine of redemption, must at least allege and prove fraud or show that land was sold for much less than its value.

**6. Vendor and purchaser ⬥⟶289—Judgment creditor must proceed without laches and delay to subject land, after sale on foreclosure of vendor's lien, to payment of debt.**

To subject land, after sale on foreclosure of vendor's lien, to payment of judgment debt, equity requires sufficient speed to relieve judgment creditor, whose right is based on the doctrine of redemption, of charge of laches and delay.

**7. Judgment ⬥⟶596—Judgment and sale under foreclosure of one of several vendor's lien notes held not res judicata as to all issues under other notes.**

Judgment and sale under foreclosure of one of several vendor's lien notes *held* not conclusive and res judicata as to all matters and issues involved in other notes.

**8. Judgment ⬥⟶768(1)—Filing abstract of judgment after foreclosure of vendor's lien created no lien.**

Filing of abstract of judgment after judgment foreclosing vendor's lien created no lien against land.

**9. Vendor and purchaser ⬥⟶289—To redeem after vendor's lien foreclosure sale, full amount of lien must be paid, though land sold for less.**

To redeem after vendor's lien foreclosure sale, redemptioner must pay full amount of lien, though land sold for less.

**10. Judgment ⬥⟶681—"Privy in estate," bound by judgment to which not party, is one deriving title to realty involved from party bound.**

"Privy in estate," bound by judgment affecting realty to which he was not a party, is one whose title was derived from party bound by judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Privity—Privy.]

**11. Judgment ⬥⟶678(2)—"Privies" bound by judgment are those acquiring interest in subject-matter through party after commencement of suit or rendition of judgment; "privity."**

"Privies," bound by judgment to which not parties, are those who acquired interest in subject-matter through party to action after commencement thereof or rendition of judgment; "privity" meaning mutual or successive relationship to same property rights.

⬥⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Judgment ⬭681—Successors to title of property owner are bound by judgment against him so far as affecting property.**

All persons who succeed to title of property owner, against whom judgment is rendered, are bound thereby, so far as it affects such property; such purchasers being "privy by estate."

**13. Vendor and purchaser ⬭288—Purchase of unforeclosed vendor's lien notes by purchaser at foreclosure sale of another such note merged all title and rights in him.**

Purchase of unforeclosed vendor's lien notes by purchaser at foreclosure sale of another such note merged all legal and equitable title and rights in him.

**14. Vendor and purchaser ⬭289—Purchase of unforeclosed vendor's lien notes by purchaser at foreclosure sale under another note did not destroy judgment creditor's right to redeem.**

Purchase of unforeclosed vendor's lien notes by purchaser at foreclosure sale under another note did not destroy right, if any, of judgment creditor to redeem.

Appeal from District Court, Uvalde County; L. J. Brucks, Judge.

Action by W. A. Hicks against T. M. Judge and the Home Trading Company. From the judgment rendered, the last-named defendant appeals. Affirmed.

Martin & Martin and Will Glover, all of Uvalde, for appellant.

D. H. Jones and G. B. Fenley, both of Uvalde, for appellees.

COBBS, J. Appellee W. A. Hicks sued T. M. Judge, of Tarrant county, Tex., and the Home Trading Company, a corporation incorporated under the laws of Texas, with its domicile in the city of Sabinal, Uvalde county, Tex., to recover judgment for his debt against T. M. Judge, and to have his lien declared superior and prior to the judgment lien asserted by appellant; and for judgment canceling the judgment lien asserted by the Home Trading Company and removing all clouds cast upon his title thereby.

The plaintiff, among other things, alleged that on or about April 1, 1920, T. M. Judge executed and delivered to Roy J. Davenport his six promissory notes; Nos. 1 to 5, inclusive, bearing interest at the rate of 8 per cent. per annum, and note No. 6 bearing interest from date at the rate of 7 per cent. per annum, payable at Sabinal, Tex.; notes numbered 1, 2, and 3 being each for the sum of $500; notes numbered 4 and 5 being for the sum of $1,000 each; and note numbered 6 being for the sum of $10,000. Note No. 1 became due one year after date; note No. 2 two years after date; note No. 3 three years after date; note No. 4 four years after date; note No. 5 five years after date; and note No. 6 due ten years after date. Note No. 2 had the following indorsements and credits:

"I hereby guarantee payment. Roy J. Davenport."

"Int. by Roy J. D. 4—1—21 $80.00.
"Int. by Roy J. D. 4—1—22 $40.00."

Note No. 4 had the following indorsements and credits:

"I hereby guarantee payment. Roy J. Davenport.
"Int. by Roy J. D. 4—1—21 $40.00.
"Int. by Roy J. D. 4—1—22 $80.00.
"By two auto tires 7—7—22 $20.00.
"By two auto tires 9—9—22 $20.00."

Note No. 5 had the following indorsement:

"Roy J. Davenport. Aug. 31, 1925."

Plaintiff further alleged:

"That there is written across the face of note No. 5, the following words and figures: 'Settled in full 8/31/25. Henry Ramsdell, by .C. J. Matthews, Atty.' That the said indorsement was made through error. Whereby the said T. M. Judge, defendant, became liable, and promised to pay the said Roy J. Davenport and his assigns the amounts specified in the said notes, with interest and attorney's fees as therein provided according to the face, tenor, and effect thereof. That plaintiff is not the owner of note No. 6, but alleges that the same was paid and satisfied, and is no longer in existence as a lien on the hereinafter described land.

"That in due course of trade, and for valuable consideration, the plaintiff became, and is now, the owner of the said notes Nos. 1, 2, 3, 4, and 5; that the same are long past due and unpaid, and the defendant, though often requested, has failed and refused, and still refuses, to pay the same or any part thereof."

[1] The case was tried by the court and disposed of on demurrer. So every fact stated and intendment or conclusion to be drawn therefrom will be considered true as pleaded.

The pleadings are full enough, for the purposes of this suit, to reflect the issues to be determined; too lengthy to set out in full, which, however, under the circumstances of the case, would be preferable.

[2] The notes described represent the original purchase price of the land, and are of equal dignity. Default having been made in payment, the vendor exercised his right to declare the notes due, and proceeded to foreclose the lien on the land represented by note No. 6 for $10,000, and did not attempt, at that time, to foreclose upon the other notes, but retained possession thereof.

The record discloses as to the said judgment lien of appellant:

That on the 1st day of April, 1920, Roy J. Davenport and his wife, India Vanham Davenport, sold to T. M. Judge the land described in appellee's first amended original petition. That said Judge executed on said 1st day of April, 1920, said six vendor's lien notes payable to said Davenport, or order, as above described. On February 16, 1922,

Judge and wife executed a deed of trust to Gossett, trustee for the Federal Land Bank, for $8,000, with 6 per cent. interest per annum, condition of paying said sum on the amortization plan. That said Davenport, while the owner of said notes 1, 3, and 5 and portion of No. 6, foreclosed by suit only on his part of note No. 6 (without foreclosing on the other notes), and recovered his judgment for the balance of what he owned of said note No. 6, and foreclosed on all the land described in appellee's petition, and said property was sold under order of sale.

The appellant, contending that said Davenport by such suit, on only part of the vendor's lien purchase money, expressly waived his lien on notes 1, 3, and 5, still owned by him, now sued on in this case by appellee, which affected appellee's right of foreclosure on them, and therefore enlarged appellant's security in favor of his judgment lien. Vieno v. Gibson, 85 Tex. 432, 21 S. W. 1028. That said foreclosure and sale was in cause No. 3919, Roy J. Davenport v. T. M. Judge, District Court, Uvalde County, and India Vanham Davenport purchased at constable sale all of the property, on the 4th day of December, 1923, for $2,500. That on the 27th day of October, 1923, the appellant filed its said abstract of judgment, and recorded in volume 3, p. 39, Judgment Lien Record of Uvalde County, said judgment being for $1,438.62, and being same judgment referred to in first amended original answer of appellant. The said judgment having been recovered against said Judge on the 3d day of October, 1923, none of same has ever been paid, neither principal, interest, nor attorney's fees, nor costs of court. That said abstract of judgment was issued on the 23d of October, 1923, which was duly recorded in Uvalde county Tex., as aforesaid, by being properly indexed and cross-indexed by the clerk of county court, as directed by law. That same fixed a judgment lien on the property of the said T. M. Judge, which was on the land described in appellee's petition, and which said judgment lien is still existing, valid, and in full force and effect. That said judgment was never appealed from by said Judge. The appellant prayed that its said judgment lien be foreclosed as directed by law, and that an order of sale issue directed to the sheriff of Uvalde county, Tex., commanding him to sell as under execution the said land, only subject to such other liens as the court may decree. That the sheriff or other officer executing said order of sale shall place the purchaser of said property sold in possession thereof within 30 days after the day of sale, and for such other and further relief, special and general, in law and equity, that it may be entitled to.

The appellant's first amended original answer, filed January 17, 1927, in which the appellant pleaded its defense specially, and asked that said abstracted judgment lien be foreclosed, was struck out and held for naught. The appellant duly excepted, and gave proper notice of appeal.

The court rendered a full and complete personal judgment in favor of the appellee W. A. Hicks against T. M. Judge on note No. 2 for $500, No. 4 for $1,000, and No. 5 for $1,000, each bearing 8 per cent. interest from date till paid, and for 10 per cent. attorney's fees, each of said notes retaining a vendor's lien on the land described in appellee's petition, but found against appellee on notes 1 and 3, and decreed that appellee was not entitled to a decree of foreclosure of the vendor's lien as to notes 2, 4, and 5.

[3] In order to secure a complete foreclosure of the vendor's lien for the purchase money of the land, all the notes, being of equal dignity, no release of all the other purchase-money notes and liens securing the same, are impliedly or otherwise released by the suit. The owner of the notes would still have the right to hold those unpaid notes and use them as against the maker thereof or his creditors in any effort of redemption. The purchaser under the foreclosure and sale of the one note had the right, as in this case, to support and strengthen his title to the land by the purchase of the other superior notes.

[4-6] It is clear that there was no intention to waive the payment of the other notes that were subject to foreclosure. No consideration, express or implied, passed to the holder of the other notes showing an intentional release. At most a judgment creditor, seeking to subject land to the payment of his debt, and in order to have that right, must either allege and prove some fraud on the part of the parties or show that the land sold for an amount greatly less than its value. This right is based entirely upon the doctrine of redemption, which equity recognizes in a proper place and by virtue of a proper suit and pleading and sufficient evidence. Equity in such a case requires sufficient speed to relieve one of laches and delays.

The doctrine in such cases is so fully set out by the discussion in the case of Bank v. Ackerman, 70 Tex. 321, 8 S. W. 45, we quote from that opinion, as follows:

"Justice has been effected between parties in this mode by overlooking the form of the transaction. The result of the authorities is stated to the same effect in Pomeroy's Equity Jurisprudence, vol. 3, § 1211, and we think that Mrs. Ackerman, by reason of the transactions hereinbefore detailed, became substituted to all the rights of John H. Owen in the fifty-six acres of land purchased by her, and that appellant cannot be heard to complain, unless it has sustained some injury on account of the purchase. Owen and Thomas combined could not make a transfer of the land to the prejudice of the bank after it acquired a judgment lien on the land. Appellant could have had the equities between Owen, Ackerman and itself

adjusted, and could have asserted its rights to the same extent as if none of the land had been transferred. But this was not done, and if it had been would not have benefited appellant, the court having found that at the time of the trial the land was not worth exceeding eight dollars per acre, so the entire tract would not have sold for enough to pay off Owen's two notes. There being no error of which the appellant can complain, and the justice of the case having been attained, we are of opinion that the judgment should be affirmed."

[7] We cannot agree with the appellant that the judgment and sale under the foreclosure of note No. 6 for the $10,000 was conclusive and res adjudicata as to all matters and issues therein involved, and that the sale of the land to India Vanham Davenport passed subject to the abstracted judgment lien of the Home Trading Company, free and clear of the vendor's lien fixed by the deed from said Roy J. Davenport to T. M. Judge, nor that said Davenport neither expressly nor by implication waived his lien on said land securing the payment of the notes numbered 1, 3 and 5 sued on. So it cannot be held that there was anything in the facts recited or any consideration moving that can be held as operating as an estoppel or otherwise to destroy, cancel, or release the notes. On the contrary, those notes were never surrendered, but held by the vendor until after the sale and foreclosure, when they, for a valuable consideration, passed to the purchaser of the land in support of his title and subsequently enforced in this controversy.

There was no issue submitted to show any equity in appellant. It was not alleged that the land was sold for an inadequate price and was of greater value than the debt which gave the right to redeem the land.

[8] There is nothing shown to support the claim that appellee Hicks, who purchased the land from, and holds under a general warranty deed of January 15, 1924, executed to him by India Vanham Davenport and her husband, Roy J. Davenport, was subject to all liens existing against the land, including appellant's judgment lien. Conceding all that appellant claims as true, the creditors at best would only have the right of redemption which they do not seek here, but deny. Filing the abstract of judgment in this case created no lien superior to the vendor's lien which through the very nature of the proceedings in this case remained a superior lien to the abstracted judgment lien.

The answer of the defendant, The Home Trading Company, shows that the vendor's lien note No. 6, foreclosed upon by Roy J. Davenport against Thos. M. Judge, was dated April 1, 1920; that the said Roy J. Davenport recovered judgment of foreclosure against T. M. Judge on the said note on the 25th day of September, 1923; that on or about October 24, 1923, the order of sale was duly issued; that on the 4th day of December, 1923, the same being the first Tuesday of said month, the said land was sold to India Vanham Davenport, etc.; that on the 3d day of October, 1923, the Home Trading Company recovered judgment against T. M. Judge for the sum of $1,438.62, etc.; that the said Home Trading Company did, on the 23d day of October, 1923, have issued an abstract of the said judgment; that the said judgment was duly abstracted on October 27, 1923, in the judgment lien records of Uvalde county.

It will be seen by these dates that the judgment lien asserted by the appellant was filed for record long subsequent to the judgment of foreclosure.

The owner of the vendor's lien, being the owner of the superior title in the land, and having foreclosed his lien before the Home Trading Company, appellant, filed its abstract of judgment against T. M. Judge. No judgment lien attached in favor of the said Home Trading Company against the said land.

[9] As shown, the only right, if any, that appellant had was to redeem. Bank v. Ackerman, supra. It asserts no such claim nor advances such right, and has failed to tender the proper amount of the judgment procured in the foreclosure proceedings or any other amount so that there can be any recovery upon any equitable proceeding. To redeem after foreclosure sale the redemptioner must pay the full amount of the lien, even though the land sold at foreclosure for a less sum; otherwise the redeemer was not doing, or offering to do, substantial equity. Whitehead v. Fisher, Garrity & Huey, 64 Tex. 638; 19 R. C. L. pp. 646 to 648.

[10] A privy in estate, so as to be bound by a judgment affecting real estate to which he was not a party, is one whose title must be derived from a party bound by the judgment: Coleman et al. v. Davis et al. (Tex. Civ. App.) 36 S. W. 103.

[11] "Privies" in the sense that they are bound by the judgment, are those who acquired an interest in the subject-matter after the rendition of the judgment; if their title or interest attached before that fact, they are not bound, unless made parties. Village Mills Co. v. Houston Oil Co. of Texas (Tex. Civ. App.) 186 S. W. 785.

"Privity" is defined to be mutual or successive relationship to the same rights of property, and within the rule relating to conclusiveness of judgment all persons "privies" to a judgment whose succession to the rights of property thereby adjudicated was derived through or under one or other of the parties to the action, and accrued subsequent to the commencement of that action. Lamar County v. Talley (Tex. Civ. App.) 127 S. W. 272; Urban v. Bagby (Tex. Civ. App.) 286 S. W. 525.

[12] After a judgment has been rendered against the owner of property, all persons

who succeed to his title are bound by the judgment in so far as it affects such property. In such cases the purchaser is a privy by estate. 15 R. C. L. p. 1028, § 503.

A judgment in an action respecting real property or titles or rights thereto, against a grantor of such property, is binding on his grantee, provided the latter acquired his interests after the institution of the suit or after the judgment was rendered. 34 Corpus Juris, p. 1014, § 1438.

[13, 14] We cannot see upon what theory the unforeclosed notes were second liens. They were all of the same dignity, purchase-money notes, and the foreclosure of part of the notes at one time cannot be held as a destruction of other notes, their priority or security, and, when acquired by the purchaser under the foreclosure, for value, they were simply strengthening his title, which he could use as a shield and protection against those holding inferior rights, thus simplifying and merging in him all titles and rights whether legal or equitable. This did not destroy the rights, if any, if timely used, of the appellant to redeem.

Whether appellant conceived the idea that he could not redeem or did not wish to is beside the question; no such relief was asserted.

We think the trial court committed no fundamental or other error in the ruling, and the judgment is affirmed.