## REED et ux. v. HESTER et al.
No. 8428.

Court of Civil Appeals of Texas. San Antonio.
April 23, 1930.

Rehearing Denied May 28, 1930.

Neal A. Brown, of Edinburg, for appellants.

R. E. McKie and T. G. Oliver, Jr., both of San Marcos, and Robert E. Kirkpatrick, of Mercedes, for appellees.

FLY, C. J.

This is a naction by O. D. Reed and wife, Flora Reed, against T. I. Hester, T. G. Oliver, and R. W. Plant, for the sum of $9,700, and for a writ of injunction to restrain Hester from selling, transferring, or hypothecating five promissory notes for $700, executed by O. D. Reed to said Hester in the trade or exchange of land owned by appellants in Caldwell county, and land owned by Hester in Hidalgo county. Appellants alleged fraud and misrepresentation by Hester and his two agents, Plant and Oliver, as to the land in Hidalgo county, which appellants had obtained for their land in Martindale, Caldwell county, and the five notes. Hester denied that Plant and Oliver were his agents in the sale and disposition of the land described in the petition, and denied that either of them had any authority to represent him in the sale or exchange of the property. Hester in the alternative asked for judgment over against Oliver and Plant for any judgment that might be recovered by appellants against him. The death of R. W. Plant was suggested and he was dismissed from the suit, and a jury having been chosen, the court instructed a verdict for T. I. Hester and T. G. Oliver and against O. D. Reed and Flora Reed.

■■ In view of the instructed verdict, we will consider the case in the light of the evidence offered by appellants. Appellant O. D. Reed stated that he had been raised on a farm, had engaged to a limited extent in merchandizing and had dealt "a little bit" in real estate. He was acquainted with Oliver, who lived in San Marcos and was a real estate agent. He testified that Plant came to his home in Martindale and told him about the property in Hidalgo county. He told about meeting Oliver and Plant in San Marcos and going in an automobile to the "Valley." They rode in Plant's car. After spending the night there, they rode over the valley looking at different orchards and places. In the afternoon the three went to the land of Hester, and Reed and Oliver went over at least a portion of it, going one-half way across

it. The land was almost a square, the house being on the west side next to the town of Donna. The five-acre orchard was on the north side in the northwest corner. Reed had full opportunity to inspect the land. He claimed that he did not know what "seep land" or "water-logged land" was. Reed went back home. Afterwards Hester and Oliver went to appellants' home in Martindale and inspected it. The next day Reed went to San Marcos to Oliver's office. No one was in the office but Oliver, and a deed was drawn to the Martindale property to Hester. Afterwards another deed was drawn conveying the land to Plant and the deed to Hester was destroyed. Hester and wife executed a deed to the property near Donna to O. D. Reed. Reed swore that the land was "water-logged" when he got it, but the assessor of the irrigation district at Donna, who was presented as a witness by appellants, swore that the land had been drained early in 1928, and that it was not "water-logged" in 1928, when it was sold to appellant. No fraud or misrepresentation upon the part of Hester or Oliver was proved. It was not claimed by Reed that Hester made any representations about his land, and Reed was given a full and fair opportunity to inspect the land and did inspect. If he did not discover the defects in the land, it was through his negligence, and he was not misled by any misrepresentations made to him by Hester or Oliver. He acted on his own judgment, and a man raised on a farm and who had farmed most of his life in Caldwell county should have known the effect of seepage or flooding by water.

 Oliver was alleged to be the agent of Hester, but the testimony of Reed himself showed that Oliver was his agent and that he paid him a commission for making the trade. Oliver was charged with fraud as the agent of Hester and when the testimony failed to show that agency, no liability under the allegations of the petition could attach to him. If any misrepresentations had been made to Reed by his agent Oliver, that could not have involved Hester, nor Oliver in the capacity in which he was charged to have made fraudulent representations. No evidence of fraud upon the part of Oliver was presented, and he cannot be held liable for bad judgment as to the potentialities of the land near Donna. Reed had full opportunity to go over every part of the land and thoroughly inspect it. No one restrained him; no one connected with Hester misled him. The courts of the country cannot assume the role of guardian for the average citizen, and it will be presumed that he will be able to protect his interests in the ordinary affairs of life. He will not be heard to visit the sins and misconduct of his own agent on others not connected with him. The court did not err in instructing a verdict for the appellees.

The judgment is affirmed.