## FREE SEWING MACHINE CO. v. S. T. ATKIN FURNITURE CO.

### No. 7964.

Court of Civil Appeals of Texas. Austin.
May 16, 1934.

W. H. Nunn, of Georgetown, for appellant.

Wilcox & Graves, of Georgetown, for appellee.

BLAIR, Justice.

Appellant, Free Sewing Machine Company, an Illinois corporation, sued appellees, S. T. and Thatcher Atkin, a partnership engaged in selling furniture and sewing machines, to retail trade at Georgetown, Tex., for $590.70, alleged to be due for certain sewing machines sold and delivered by appellant to appellees under written contract dated May 5, 1929. Appellees admitted executing the written order for the sewing machines, but as defense to the suit on the contract alleged that it was procured by the false and fraudulent representations of appellant and its agents, to the effect that the sewing machines were the best and most efficient on the market; that they would do proper and successful sewing, and could be easily operated by almost any person. That after the machines were received it was ascertained that they would not successfully operate and would not do the work intended, and that each of the five or six sold by appellees had to be taken back; and that the machines were practically worthless; and that the implied covenant that the machines would do the work intended was breached. That as soon as appellees learned and were convinced that the machines could not be run or operated successfully, they notified appellant and offered to return the machines upon payment of certain items of expense incurred in connection with their purchase and attempted sales; and by their answer made the same tender of the machines at the trial of the case. Appellees prayed that the contract sued upon be canceled or rescinded. They further alleged that in an effort to make the machines operate they employed an expert, and paid him $25 for his services; that they paid salesmen $180 for selling the machines which they had to take back; and paid $30.59 freight on the shipment of machines; and by way of cross-action sought to recover these items of expenses as damages resulting from the fraud.

The evidence fully established the fraud of appellant and its agents·in selling the sew-

ing machines to appellees as well as the items of expenses incurred in connection with the purchase and attempted sales of the machines; and on the trial to the court without a jury judgment was rendered for appellees canceling or rescinding the contract sued upon for the fraud inducing its execution; but judgment on appellee's cross-action was for only the item of $30.59 for freight.

The written order for the machines stipulated that conditions not embodied in the instrument would not be binding on appellant; nor would any separate or collateral agreement made between appellees and the solicitor or agent who signed the instrument be binding on appellant. It is contended by appellant that if the alleged and proved misrepresentations were not mere sales talks, they were warranties, and therefore controlled by said provisions of the contract. The contentions are not sustained.

 A representation that a sewing machine will do the work intended to be done by it is not mere sales talk. The contract or written order for the machines contained no provision or covenant of warranty, so the law would imply a covenant that the machines would do the work intended to be done by them. The rule is settled that one entitled to avoid a written contract by parol proof of fraud of the agent inducing its execution is not bound by a stipulation in the contract that no representation or promise made by the agent and not embodied in the contract will be binding upon the principal. While the rule prohibits the admission of parol evidence to change or vary the terms of a valid written contract, it does not operate to prevent its admission to show fraud inducing its execution. A person who has been so defrauded may set up the fraud by way of defense when sued on the contract or transaction, and resorting to equity he may cancel or rescind the contract, return the thing bought, and receive back what he has paid; and he may both rescind and recover damages where both are necessary to make him whole. Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S. W. 873; Reed v. Hester (Tex. Civ. App.) 28 S.W.(2d) 219; Id. (Tex. Com. App.) 44 S.W.(2d) 1107; Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1; Blumberg v. Louis Henne Co. (Tex. Civ. App.) 5 S.W.(2d) 1015 (writ ref.); Jesse French Piano Co. v. Costley (Tex. Civ. App.) 116 S. W. 135; Halff Co. v. Jones (Tex. Civ. App.) 169 S. W. 906; Keesee v. Kemp (Tex. Civ. App.) 296 S. W. 635; Mikulik v. Southwestern Specialty Co.

(Tex. Civ. App.) 58 S.W.(2d) 1052; Carson v. Taylor (Tex. Civ. App.) 238 S. W. 261; McDonald v. Lastinger (Tex. Civ. App.) 214 S. W. 829; Holland v. Western Bank & Trust Co., 56 Tex. Civ. App. 324, 118 S. W. 218, 119 S. W. 694; 20 Tex. Jur. 115, §§ 77, 79, 80, and 83, and cases there cited.

Appellant next contends that appellees failed to tender back the sewing machines within a reasonable time after discovery of the fraud, or offer to place appellant in status quo. The evidence is undisputed that appellees offered to return the machines after giving them a thorough trial, upon payment by appellant of the freight charges paid by appellees, and the other items of expense sued for; and prayer was for judgment foreclosing an equitable lien on the machines to secure payment of such expenses. The decree foreclosed the equitable lien on the machines for the item of freight, and provided that upon payment of such item appellees should deliver the machines to appellant; and also provided for sale of the machines in satisfaction of this judgment, in the event appellant did not pay the freight charges. A sufficient tender or offer to return the property was made under the rule that "equity is not unbending in its requirement of restoration of exact status quo as a condition to rescission and cancellation." McDonald v. Simons (Tex. Com. App.) 280 S. W. 571.

██ In the case of Holland v. Western Bank & Trust Co., supra, this court held that the defrauded party was entitled to rescind the contract for fraud and also to recover as damages money expended in attempting to utilize the land before discovery of the fraud. Under this rule appellees were entitled to hold the machines until appellant offered to repay the freight charges, which appellees paid before they discovered the fraud; and in any event the evidence would sustain a finding of the trial court that a sufficient offer to return the machines was made. Appellant never offered to pay the freight charges, nor protested the payment of the other expense items; and the mere fact that appellees asked for these items as a condition precedent to returning the machines would not prevent the rescission of the contract for fraud under the aforementioned rule that "equity is not unbending in its requirement of restoration of exact status quo as a condition to rescission and cancellation." The right of appellees to recovery of these items of expenses presented a justiciable issue, and the record shows that in good faith appellees made the claim for such expenses as a part of their damages resulting from the fraud.

Appellant's remaining complaint is that the court erred in refusing to grant its motion for a new trial upon the ground of newly discovered evidence. . This newly discovered evidence consisted of two letters written by appellees to appellant seeking to compromise or settle this litigation out of court; appellant contending that they were admissible because in neither was it "contended * * * that there had been any fraudulent representations." The first letter offered to return the machines, and contained the statement that, "I have all the machines on hand —as they did not give satisfaction & were sold under false promises by the man your agent sent to me, and I can ship them at once." But aside from this statement, the trial court did not abuse its discretionary power to deny the new trial because of want of diligence on the part of appellant to have the letters at the trial. Appellant sent them to its general attorneys in Illinois in ample time for them to have sent them to local counsel who tried the case. Before the trial and in ample time for the Illinois counsel to have sent them, they had notice of the setting of the case for trial.

The judgment of the trial court will be affirmed.

Affirmed.