**BUSSAN et al. v. DONALD et al.**

No. 15286.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 2, 1951.

Rehearing Denied Dec. 7, 1951.

Louis A. Nack, of Galena, Ill., T. H. Yarbrough, of Bowie, Texas; and Boyd Barjenbruch, of Montague, for appellants.

T. B. Coffield, and Donald & Donald, all of Bowie, for appellees.

RENFRO, Justice.

The appellees, Paul and J. M. Donald, brought suit in the district court of Montague County against Frank B. Bussan and wife in trespass to try title to a tract of land situated partly in Montague and partly in Wise Counties, Texas. The case was tried before the court without a jury and from a judgment for plaintiffs, the defendants have appealed.

At the request of the appellants, the court filed extensive findings of fact, including the following:

On November 24, 1919, J. E. Davis conveyed the property to W. E. Benson, retaining a vendor's lien to secure purchase money notes in the amount of $2,250. Thereafter Benson conveyed the tract to G. S. McCracken and A. B. Humphreys by deed dated January 12, 1920, with subrogation rights in J. E. Davis in thirteen vendor's lien notes, payable annually, amounting to the sum of $2,000. Davis accepted said notes executed by McCracken and Humphreys in extension of the original notes executed by Benson to Davis.

On May 1, 1924, McCracken executed a deed of trust to the Union Mortgage Company to secure the payment of a $1400 note, which recited that it was given in lieu and extension of nine vendor's lien notes executed by G. S. McCracken and A. B. Humphreys, payable to the order of J. E. Davis, being notes numbered five to thirteen. On June 27, 1925, Davis signed an assignment of vendor's lien to the Mortgage Company. On July 11, 1925, the Mortgage Company transferred the McCracken $1400 note to Elizabeth Bussan, one of the appellants herein.

On December 31, 1936, Davis filed suit in Montague County against McCracken and Humphreys, seeking to foreclose a vendor's lien on the property, represented by the thirteen notes of January 12, 1920; and on November 26, 1938, judgment was entered by the district court of Montague County foreclosing the vendor's lien "as it existed on the 12th day of January, 1920" on the land involved. On June 6, 1939, the Constable executed a deed to J. M. and Paul Donald, appellees.

On March 8, 1938, the appellants filed a suit against McCracken in the district court of Wise County to foreclose on the $1400 note executed by McCracken to the Mortgage Company on the first day of May, 1924. Judgment was rendered for the appellants in Wise County on August 2, 1938, and under sheriff's deed of January 19, 1939, the property was conveyed to appellant Elizabeth Bussan.

The instant suit was filed by appellees against appellants on August 27, 1941.

Davis never received any consideration for the assignment to the Mortgage Company and the assignment was never delivered by Davis to said Mortgage Company. Neither the Mortgage Company nor appellants nor any one else ever paid Davis any money or anything of value for the assignment of the vendor's lien. The whole series of thirteen notes remained in the possession of Davis until he delivered them to his attorney for the purpose of filing the suit in Montague County in 1936. Every contract on a negotiable instrument is incomplete until delivery of the instrument for the purpose of giving effect thereto. Article 5932, sec. 16, R.C.S. Delivery of a note as between immediate parties, and as regards a remote party other than a holder in due course, can be shown to have been conditional and parol evidence is ad-

missible upon that issue. Kimball-Krough Pump Co. v. Judd, Tex.Civ.App., 88 S.W.2d 579. The evidence shows that McCracken did not receive the $1400 from the Mortgage Company, that he paid no money to Davis in connection with the transaction, that he never paid a cent to the Mortgage Company or the appellants; that after the deal fell through he went to the home office of the Mortgage Company twice to try to get his papers back but could never find the Mortgage Company man with whom he had dealt.

The purported assignment by Davis was placed in the Sunset Bank in trust to be delivered to the Mortgage Company upon the payment of all principal and interest due on said notes. Through some manner unauthorized by Davis, the assignment was apparently obtained by the Mortgage Company and placed of record. The trial court found that the Mortgage Company had full knowledge of the failure of consideration for the Davis assignment and that the Mortgage Company was the agent of appellants in connection with the procurement of the McCracken note and deed of trust, and since no consideration was ever paid to J. E. Davis, he was not in anywise bound by such note and the purported lien created was without force or effect as an outstanding right to the land in question.

The appellants were never upon or in possession of the land in question.

Neither Davis nor appellees were made parties to the suit in Wise County.

Appellants have presented sixty-four points of error. Since the ultimate question to be determined by this court is whether or not the Wise County judgment was binding on appellees, we will discuss that question and not attempt to discuss each point of error individually.

A great many of the points of error are based on exceptions to the trial court's findings of fact. A finding will be sustained in the appellate court if there is any substantial legal evidence upon which a trier of the facts might base it. 41 Tex. Jur., p. 1265. There is sufficient evidence to support the trial court's findings, so the only question remaining is whether or not his conclusions of law, based upon said facts, are correct.

The court concluded as a matter of law that the Wise County suit was not binding on appellees nor their predecessor Davis, because neither of said persons was made a party to said suit; and further that no title to any of the notes executed by McCracken and Humphreys ever passed to the Mortgage Company for the reason that the assignment of Davis to the Mortgage Company was never delivered or any consideration paid and the possession thereof was secured in violation of the rights of Davis and no right or claim can be asserted thereunder by the Mortgage Company or the appellants; that the Mortgage Company was the agent for appellants and they are therefore bound by the acts of the Mortgage Company. The court also concluded as a matter of law that appellees established, by legal and competent evidence, the fee title to said tract of land in them by a regular chain of conveyances from the State of Texas down to themselves and were in actual legal possession of said land at the time the suit was filed and at all times thereafter and no superior right or possession being shown in appellants, the appellees were entitled to title and possession; that the act of McCracken in attempting to execute a note and deed of trust on the land was invalid and no right could arise therefrom so as to defeat or affect the prior valid and unpaid notes held by Davis.

After a judgment has been rendered against the owner of property, all persons who succeed to his title are bound by the judgment, so far as it affects such property. In such cases the purchaser is a privy by estate. Home Trading Co. v. Hicks, Tex.Civ.App., 296 S.W. 627. However, strangers to a judgment, that is, those who are not parties or privy to a proceeding, may, when their interests are adversely affected by the judgment, impeach it whenever it is attempted to be enforced against them. State Mortgage Corp. v. Traylor, 120 Tex. 148, 36 S.W.2d 440. As stated by the Supreme Court in the old case of Parker v. Spencer, 61 Tex. 155, one not made a party to a suit is not bound by the judgment but has the option either to have it

vacated by direct proceedings or else to treat it as void in any collateral proceeding where rights might be asserted against him by reason of the same.

It is without contradiction that neither Davis nor his successors, the appellees, were made parties to the Wise County suit. Since Davis under the findings of the trial court had a prior valid and existing lien antedating any interest of the appellants, Davis was a necessary party to the Wise County suit if his rights were to be determined therein. As previously stated, the trial court found that the assignment of the McCracken and Humphreys notes was never legally delivered to the Mortgage Company, and neither the Mortgage Company nor appellants, its assignees of the $1400 McCracken note, received any valid lien against the property in question.

The appellants contend that in the trespass to try title suit brought by appellees, the court could not go back of the Wise County judgment, which was regular on its face.

 In order to render a deed effective, it must be delivered into the control of the grantee with the intent of the grantor that it shall become operative as a conveyance. Houston Land and Trust Co. v. Hubbard, 37 Tex.Civ.App. 546, 85 S.W. 474. We think the same rule should apply to an assignment of a vendor's lien note. Shaw v. First State Bank of Abilene, Tex.Com. App., 231 S.W. 325.

It will be noted that the question of innocent purchaser is not involved herein. The trial court found that the Mortgage Company was acting for the appellants in procuring the unauthorized delivery of the Davis assignment and they are bound by its acts.

The appellees' proof of prior possession and chain of title was prima facie evidence of title in them. Humble Oil and Refining Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218, writ refused; House v. Reavis, 89 Tex. 626, 35 S.W. 1063. The rebuttal offered by appellants consisted of the Wise County judgment. Since under the findings of the trial court the appellants acquired no rights under the McCracken deed of trust and notes and the judgment based thereon, they did not overcome the presumption of title in appellees.

 The McCracken note to the Mortgage Company never became effective, and since the assignment from Davis to the Mortgage Company was never legally delivered to the Mortgage Company and hence to the appellants, it created no lien in favor of appellants and the prior lien holder Davis, not being a party to such Wise County suit, was not bound thereby. Under the holding in Parker v. Spencer, supra, he could attack it collaterally when appellants asserted it against his title, and this right accrued to appellees.

In view of the findings by the trial court, we have reached the conclusion that no error was committed and that appellants' points of error should be overruled and the judgment of the trial court affirmed.