**DALLAS FARM MACHINERY COMPANY,**
Appellant,

v.

**Ben REAVES, Appellee.**

No. 15789.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 22, 1957.

Rehearing Denied March 22, 1957.

Wilbur T. Knape, Dallas, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, Carlisle Cravens and Ed Reichelt, Fort Worth, for appellee.

RENFRO, Justice.

Plaintiffs, Dallas Farm Machinery Company, a partnership composed of L. D. Beckham and G. H. Kincaid, Jr., sued defendant Reaves for the balance allegedly due under a written contract, wherein defendant agreed to purchase an Oliver OC-3 crawler tractor and Oliver-Ware 3W-I loader from plaintiffs. Defendant filed an answer and a cross-action replete with allegations of false representations concerning material matters made knowingly to defendant by plaintiff Kincaid, which false representations were relied upon by defendant and induced him to execute the contract.

A non-jury trial resulted in a judgment denying recovery to plaintiffs. The judgment canceled and rescinded the contract and awarded defendant the reasonable market value of a tractor and equipment he had traded plaintiffs as part of the purchase price of the Oliver equipment.

The findings of fact are voluminous and detailed. In brief summary, they show: The contract was executed on May 21, 1954. Just prior thereto defendant fully informed plaintiffs of the nature of his business, that is, loading gravel trucks with sand, gravel and other materials. Defendant was then using Ford equipment but wanted new equipment that would do a better and faster job. Kincaid knew of the capabilities and ability of the Oliver tractor and pertinent equipment; defendant did not. Kincaid, after full notice of intended use by defendant, represented to defendant that the Oliver equipment would do a better and faster job than defendant's Ford equipment, and would do the work of the two Ford tractors and loaders defendant was then using. The representations were false and known by plaintiffs to be false. The Oliver equipment would not load as fast as defendant's Ford equipment and could not be used commercially in defendant's business because of its size and design. The false representations were justifiably relied upon by defendant and induced the execution of the contract, and but for such misrepresentations defendant would not have executed the contract. After forty-five minutes' trial, defendant notified plaintiffs the equipment could not be used in his business and was worthless to him; that the representations made to him were not true. After some modification, the defendant, assisted by representatives of plaintiffs, again attempted to load standard type gravel trucks but was unable to do so in a way in which defendant could conduct his business. Defendant promptly tendered the Oliver equipment back to plaintiffs and demanded return of the Ford trade-in. The Oliver tractor and equipment were not suitable for use by defendant in his work and were useless and worthless to him. Defendant did not derive any benefit from the Oliver equipment while it was in his possession.

Plaintiffs' first group of points assails the court's findings of fact and conclusions of law as being without support in the evidence and contrary to and against the overwhelming preponderance of the evidence.

The statement of facts consists of 452 pages of sharply controverting testimony. Kincaid denied making any representations concerning the Oliver tractor and equipment. He testified the tractor and loader worked perfectly. Three other witnesses called by plaintiffs testified the equipment worked successfully in loading gravel trucks.

On the contrary, defendant and another witness testified at length as to representations made by Kincaid. Defendant and five witnesses called by him testified the Oliver equipment would not successfully load standard type gravel trucks.

The trial court chose to accept as true the testimony offered by defendant, both as to representations of Kincaid and as to performance of the equipment.

■ A finding will be sustained by the appellate court if there is any substantial legal evidence upon which the trier of the facts might base it. Bussan v. Donald, Tex. Civ.App., 244 S.W.2d 271; 41–B Tex.Jur., p. 865, sec. 625. Fact findings may embody inferences deducible from the evidence. The findings in a non-jury case are to be interpreted in the light of the pleadings and proof in the case, and so as, if possible, to sustain the judgment rendered. Daniels v. Wight, Tex.Com.App., 249 S.W. 454; Elder, Dempster & Co. v. Weld-Neville Cotton Co., Tex.Com.App., 231 S.W. 102. The evidence must be viewed in the light most favorable to the successful party and every legitimate conclusion must be indulged in his favor. Googins v. E. W. Hable & Sons, Tex.Civ.App., 237 S.W.2d 705.

Viewed in the light of the rules in the cited authorities, it is our opinion the findings of the trial court are supported by the evidence.

■ Plaintiffs next contend the court erred in admitting parol evidence to vary the terms of the written contract.

The parol evidence rule does not operate to prevent the admission of parol evidence to establish that a written instrument is vitiated or rendered voidable by fraud. Southwestern Telegraph & Telephone Co. v. Riggs, Tex.Com.App., 234 S.W. 875. In such cases parol evidence may be introduced although the instrument may contain a clause that the rights of the parties are not to be affected by representations not reduced to writing. 20–A Tex.Jur., p. 230; Free Sewing Machine Co. v. S. T. Atkin Furniture Co., Tex.Civ.App., 71 S.W.2d 604; Ten-Cate v. First Nat. Bank of Decatur, Tex.Civ.App., 52 S.W.2d 323; Kirby v. Thurmond, Tex.Civ.App., 152 S.W. 1099.

The allegations of fraud were fully raised by defendant in his answer and cross-action. Under the facts as shown by the record, we think the court properly admitted the evidence of which complaint is made. Mikulik v. Southwestern Special Co., Tex.Civ.App., 58 S.W.2d 1052.

The point of error is overruled.

■ In their last point of error plaintiffs claim there was no proper pleading or proof of the reasonable cash market value of the "trade-in" equipment. Defendant's cross-action pleaded "the reasonable value of cross plaintiff's Ford tractor with Wagner loader and equipment at the time of the trade-in in Tarrant County, Texas, was $2,094.00." The witness Matthews, a qualified tractor dealer, testified the reasonable cash market value in Tarrant County of the Ford traded by defendant to plaintiffs in May, 1954, was "around $2,100.00; maybe just a little bit more." The pleadings and the evidence were sufficient to support the judgment.

■ It is undisputed plaintiffs took possession of the Ford equipment on the day the Oliver equipment was delivered to the defendant, and it has never been returned or tendered to him. The trial court found that plaintiffs had converted the Ford equipment to their own use. Under the circumstances, the court did not err in rendering judgment for defendant for the reasonable cash market value of the Ford equipment.

The judgment of the trial court is affirmed.

Affirmed.