Pick SMITH, Appellant,

v.

F. E. CARTER et al., Appellees.

No. 7486.

Court of Civil Appeals of Texas.

Texarkana.

July 16, 1963.

Joe Schultz, Mexia, for appellant.

Wynne & Wynne, Wills Point, for appellees.

CHADICK, Chief Justice.

This action originated as a suit in trespass to try title and for injunctive and other relief. The judgment of the trial court is affirmed.

The plaintiffs in the trial court, F. E. Carter, S. B. Bruner and C. E. Hammon, as Trustees of the Providence Community Building and Association, recovered title and possession of an undivided 5/16 interest in a two acre tract of land, a part of the E. M. Hunt Survey, Smith County, together with other rights and awards not material to mention, but including a frame building, with ingress and egress thereto, located on the tract.

The trial court defendant, Pick Smith, the appellant here, does not question the trial court adjudication of title to the tract. The appeal rests primarily upon a dissatisfaction with the trial court's decree that the Providence Community Building and Association recover title and possession of the improvements placed upon the two acres while the tract was in possession of Providence School District #51, and incidentally upon denial of relief sought by cross action. To present his complaint, the appellant has briefed five points of error. The points are grouped and argued together. The efficacy of the points argued is contingent upon the appellant supporting his basic premise that there is an absence of evidence in the record tending to prove a clubhouse placed on the tract by a ladies home demonstration club was not at any time used by the school for school purposes. The appellees' brief is principally devoted to the substantiation of their proposition that a provision in the deed from the common source of title is a condition subsequent, and as a consequence the appellant had no rights in the improvements located upon the tract because the school district conveyed the improvements prior to appellant's attempted re-entry pursuant to such reversionary provision.

The common source of title, Henry H. Smith and wife, Mrs. Laura Smith, conveyed the two acre tract to the Trustees of Providence School District #51 by warranty deed, dated January 11, 1909. This grant was made with the following provisos:

" 'Provided that the said trustees (of Providence School District No. 51) or their successors in office should see fit or deem it advisable to move the school building to some other site in said district then and there (on such removal) shall the heretofore described school site of two acres of land (without due process of law) revert back to the Grantors, Henry H. Smith and his wife, Mrs. Laura Smith, their heirs and assigns.' "

" 'Provided further that all buildings, furniture, fittings and equipments pertaining to said school, shall be exempt from reverting back to grantors in case

the said trustees (or their successors in office) should change the school site of said school district, (Providence) No. 51, from the heretofore described two acres of land to some other place in said Providence School District No. 51.' "

In 1949, the school district conveyed the two acres to the Trustees of the Providence Community Building and Association, and the parties tacitly concede the deed conveyed title to improvements, that is the buildings, upon the land unless ownership was defeated by the quoted provisos.

The appellant stakes his case on the construction of the second proviso. He construes this language as exempting from reversion only the "buildings, * * * pertaining to said school". Such construction is somewhat narrower than a logical construction of the entire language seems to indicate. The punctuation confines the phrase "pertaining to said school" to a modification of "fittings and equipment" rather than "buildings" or "furniture". However, if the appellant's narrow construction is employed, the evidence will not support his contention. Examination and discussion of the evidence will be made.

The wife of one of the trustees testified that the Home Demonstration Clubhouse was placed on the tract in the early "30s". In reply to counsel's question asking what use was made of the building, she listed numerous community social, cultural and civic activities, and said, "our last school there was in 1941, the elementary grade was there until 1941." She also stated, without giving dates or which building was referred to as between the school and club building, that a nurse from Tyler gave a full course of nursing and first aid classes in the building and that a vocational agriculture teacher gave farm improvement shows and lectures there. Her testimony may be construed as referring to the club building and as factual support for the trial court's findings that the clubhouse was a part of the facilities on the tract used for school purposes and as such expressly exempted from reversion.

This testimony and inference therefrom in their most favorable aspect constitute more than a scintilla of evidence supporting the trial court's findings and the judgment entered. See Bussan v. Donald, Tex. Civ.App., 244 S.W.2d 271 W/R; 41B Texas Jurisprudence 856, Sec. 625; 4 Texas Jurisprudence (2) 398 Sec. 839; *"No Evidence" and "Insufficient Evidence" Points of Error* (Calvert) 38 Texas Law Review (April, 1960) 362 at 364 and cases cited.

The duty of this Court is clear. The appellant's points of error are each overruled, and the judgment of the trial court affirmed.